60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert T. THEEDE, Plaintiff-Appellant,
v.
U. S. VETERANS ADMINISTRATION, et al., Defendants-Appellees.
 No. 95-15044.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Theede appeals pro se the district court's: (1) dismissal of his complaint against the United States Veterans Administration, William L. Roberts, Wayne D. Thompson, Dean R. Stordahl, Ausma S. Blumenthal and Neal C. Lawson (the "VA defendants") as barred by res judicata; and (2) dismissal of the Department of Labor, Elizabeth Dole, Edward Derwinsk, and Clarence H. Nixon (the "Labor Department defendants") for failure to comply with a district court order. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Res Judicata
 
 
 4
 Theede contends that the district court erred by concluding that his action was barred by res judicata. This contention lacks merit.
 
 
 5
 A district court's dismissal on res judicata grounds is subject to de novo review. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir. 1993). Res judicata prevents subsequent litigation by the same parties of all claims or defenses that were, or could have been raised in a previous action which led to a final judgment on the merits. Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir. 1988).
 
 
 6
 Here, Theede filed a complaint alleging that the VA defendants discriminated against him on the basis of his age when they terminated him from his position as a dentist wit the Veteran's Administration. Theede has previously filed at least four other actions against the Veterans Administration and its employees based on his termination.[1]
 
 
 7
 Because Theede's present action involves the same parties and is based on the same claims as his prior actions, he is barred under the doctrine of res judicata from relitigating those claims.[2] See id.
 
 II
 Failure to Amend
 
 8
 Theede next contends that the district court erred by dismissing his claim against the Labor Department defendants because he failed to amend his complaint as ordered by the district court. This contention lacks merit.
 
 
 9
 A district court may dismiss an action for failure to comply with any order of the court. Fed. R. Civ. P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). We will not disturb the district court's dismissal unless there is a definite and firm conviction that the district court committed a clear error of judgment in its conclusion based upon a weighing of the relevant factors. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).
 
 
 10
 On September 2, 1994, the district court ordered Theede to amend his complaint within 20 days because Theede's complaint made no mention of the Labor Department defendants nor any injury he suffered as a result of their actions. Theede did not file an amended complaint, instead, he filed a motion for reconsideration in which he stated that "AN AMENDED COMPLAINT DEFEATS THE ISSUES" but again failed to mention these defendants or the injuries which he sustained. On November 11, 1994, the district court dismissed Theede's claim for failure to amend his complaint.
 
 
 11
 In light of the express instructions given to Theede and his failure to amend his complaint, the district court did not abuse its discretion by dismissing Theede's action.[3] See Ferdik, 963 F.2d at 1261-62.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 See Theede v. Veteran's Administration, et al., No. C86-2675-TEH; Theede v. Veteran's Administration, et al., No. C87-5259-TEH, aff'd, No. 88-15827, 1993 U.S. App. LEXIS 10332 (April 27, 1993); Theede v. Veteran's Administration, et al., No. C88-1479-TEH, aff'd, 898 F.2d 156 (9th Cir. 1990); Theede v. Veteran's Administration, et al., No. CIV-88-0235-PHX-CLH, aff'd, Nos. 88-15189, 89-15190, 1991 U.S. App. LEXIS 3034 (9th Cir. December 7, 1990)
 
 
 [2]
 To the extent that Theede is contending that the district court erred by denying his motion for default judgment, his contention lacks merit. Although the defendants filed a late answer, given the lack of merit in Theede's substantive claim, we cannot say that the district court abused its discretion by denying the motion. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)
 
 
 [3]
 Theede contends that the district court erred by denying his motion for reconsideration. Because Theede's reconsideration motion merely reiterated his vague and conclusory allegations of discrimination, the district court did not abuse its discretion by denying the motion. See School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993), cert. denied, 114 S. Ct. 2742 (1994)