**PALOMAR MOBILEHOME PARK ASSOCIATION, Plaintiff–Appellant,**

v.

**CITY OF SAN MARCOS, Defendant–Appellee.**

**No. 91–56165.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 1993.

Decided March 30, 1993.

Robert J. Jagiello, Law Offices of Jagiello & Pech, Lake Arrowhead, CA, for plaintiff-appellant.

Donald R. Lincoln, Endeman, Lincoln, Turek & Heater, San Diego, CA, for defendant-appellee.

Before: D.W. NELSON, WIGGINS, and LEAVY, Circuit Judges.

WIGGINS, Circuit Judge:

Palomar Mobilehome Park Association ("Palomar") filed suit in federal court, challenging the City of San Marcos's ("City") mobilehome park rent control ordinance. The district court dismissed the case because it was barred by the doctrine of res judicata. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331(a) and 1343(3). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## FACTS

On September 14, 1989, Palomar filed a complaint in the San Diego Superior Court, challenging the City's rent control ordinance. The City filed a general demurrer to the complaint. The superior court sustained the demurrer and dismissed the complaint. Palomar appealed the dismissal to the California Court of Appeals, and the dismissal was affirmed. The appellate court dealt with Palomar's federal claims at length and found that no taking had occurred.

Palomar then filed suit on essentially the same facts in the federal district court. The district court dismissed the federal action under the doctrine of res judicata. The district court specifically found that the federal constitutional issues were fully litigated in the state court proceedings. Palomar appeals.

## STANDARD OF REVIEW

We review a district court's dismissal of an action based on res judicata de novo. *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1287 (9th Cir.1992); *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir.1992).

## DISCUSSION

■ The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we "give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 771, 88 L.Ed.2d 877 (1986); *see also Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982) (federal courts are required to give a state court judgment the same preclusive effect that it would · be given by the courts of the state from which it emerged); *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so"); *Southeast Resource Recovery Facility Authority v. Montenay Intern. Corp.*, 973 F.2d 711, 714 (9th Cir.1992). Accordingly, we apply California's res judicata law to determine if Palomar's action was properly dismissed. *See Southeast Resource*, 973 F.2d at 712–14.

■ In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second action on the same facts. *See, e.g., Crowley v. Modern Faucet Mfg. Co.*, 44 Cal.2d 321, 282 P.2d 33, 34 (1955) (indicating that if facts alleged in second action are substantially the same as those in the first action, which has been dismissed after the sustaining of a general demurrer, the second action is barred by the doctrine of res judicata). Moreover, California, as most states, recognizes that the doctrine of res judicata will bar not only claims actually litigated in a prior proceeding, but also claims that could have been litigated. *See Busick v. Workmen's Compensation Appeals Bd.*, 7 Cal.3d 967, 104 Cal.Rptr. 42, 500 P.2d 1386, 1392 (1972) (" 'prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable' ")

(quoting *Sutphin v. Speik*, 15 Cal.2d 195, 99 P.2d 652, 655 (1940)); *see also Jama Const. v. City of Los Angeles*, 938 F.2d 1045, 1047 n. 1 (9th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1293, 117 L.Ed.2d 516 (1992).

### I.

Palomar challenges the district court's reliance on the doctrine of res judicata on three fronts. First, Palomar argues that the doctrine cannot bar its federal claim because the claim did not exist, or at least was not ripe, until the state court proceedings were terminated against Palomar. Second, Palomar argues that its claim cannot be barred because it did not raise its federal claims in the state court. Third, Palomar argues that its claim cannot be barred because it was not afforded a full and fair opportunity to litigate its federal claims.

■ Palomar's first argument, that its takings claim cannot be barred because it was not ripe until the state court ruled on its claims, lacks merit. Palomar correctly interprets *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), to require that a plaintiff take its takings claim to state court before the case will be ripe for federal adjudication. However, this requirement does not prevent the doctrine of res judicata from barring subsequent federal action. The Supreme Court has stated:

There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have engaged at all.

*McCurry*, 449 U.S. at 104, 101 S.Ct. at 420. In addition, other circuits have squarely rejected Palomar's argument. For example, the court in *Peduto v. City of North Wildwood*, 878 F.2d 725, 729 (3rd Cir.1989), stated:

Appellants have exhausted their state claims, which, under *Williamson*, is a

necessary predicate to their federal cause of action; but in doing so, they received a full and fair adjudication of their constitutional claims against the City in state court. Due process guarantees them no less, but entitles them to no more.

*See also Fields v. Sarasota Manatee Airport Authority*, 953 F.2d 1299, 1309 (11th Cir.1992). We are compelled to conclude that res judicata bars Palomar's claims in federal court, despite the requirements of *Williamson.*

■ Palomar's second argument against application of res judicata also fails. It is well settled that res judicata bars subsequent actions on all grounds for recovery that could have been asserted, whether they were or not. *Clark*, 966 F.2d at 1320; *see also Busick*, 500 P.2d at 1392; *Fields*, 953 F.2d at 1309 ("Attempting [silently to] reserve federal issues by failing to raise them in a state court complaint is clearly insufficient to preserve federal court review of unraised constitutional issues."). A litigant cannot avoid the preclusive effect of res judicata by failing explicitly to plead federal constitutional violations in a prior state action. While every litigant deserves his or her day in court, few deserve two. Thus, Palomar's failure specifically to plead federal constitutional violations in the state court complaint does not affect the application of res judicata to this case.

■ Finally, we reject Palomar's third argument, that it was not afforded a full and fair opportunity to litigate its federal claims. The record reflects that the state courts fully considered Palomar's rights under the Constitution. The California Court of Appeal and the superior court[1] expressly addressed Palomar's federal constitutional claims as well as the state claims. Moreover, nothing in the record before us suggests that we should question the district court's conclusion that Palomar fully litigated its federal constitutional

claims in the state court. Accordingly, we conclude that Palomar was afforded its due process right to a full and fair opportunity to litigate those claims and that the doctrine of res judicata was properly applied to bar the subsequent federal action.

## II.

■ Palomar argues that this case should be remanded to permit it to pursue a regulatory taking claim. We disagree. In dismissing this action, the superior court expressly ruled that Palomar did not and could not allege a regulatory taking. This determination, even if erroneous, operates to preclude consideration of a regulatory taking claim in the district court. *See Turnbow v. Pacific Mut. Life Ins. Co.*, 934 F.2d 1100, 1103 (9th Cir.1991) (indicating that erroneous state court decision is usually binding as res judicata). The Supreme Court has clearly indicated that federal district courts have no authority to review final judgments of a state court even when federal constitutional principles are involved. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 484–85, 103 S.Ct. 1303, 1316, 75 L.Ed.2d 206 (1983); *see also Southeast Resource*, 973 F.2d at 714 ("A federal court cannot reexamine arguments that already have been considered and rejected by a state court...."); *Turnbow*, 934 F.2d at 1103 (" 'Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts.' ") (quoting *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir.1987) (emphasis deleted). As the district court noted, "the proper forum for review of the [state-court's] judgment ... is the United States Supreme Court, and not the United States District Court." *See* 28 U.S.C. § 1257 (1988); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986) ("the proper court in which to obtain ... review [of a state court's final judgment] is

---

1. It appears that the memoranda of points and authorities in the superior court addressed the federal, as well as, the state constitutional claims. Even if the superior court did not fully consider the federal constitutional claims, review by a state appellate court provides a litigant with adequate opportunity to litigate its claims and satisfies due process. *See, e.g., DiAngelo v. Illinois Dept. of Public Aid*, 891 F.2d 1260 (7th Cir.1989) (decision of Illinois appellate court barred further action in state or federal court on the same action).

the United States Supreme Court"). We decline Palomar's invitation to transform the district court into an appellate tribunal for state proceedings.

AFFIRMED.