19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William STRANDRUD; Dorrine Strandrud, husband and wife,
Plaintiffs-Appellants,
v.
NORTHSHORE SCHOOL DISTRICT, NO. 417; Thomas Cooper,
Defendants-Appellees.
 No. 92-35525.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1993.*
Decided Feb. 25, 1994.
 
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William and Dorrine Strandrud brought this action under 28 U.S.C. Sec. 1983, alleging that Northshore School District No. 417 and Thomas Cooper, Director of Facilities Planning for the school district, (collectively, "Northshore") have diverted stormwater onto their property in violation of the Takings Clause of the Fifth Amendment. The district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), holding that a prior state proceeding was res judicata. We affirm.
 
 
 3
 * The Strandruds assert that the state court judgment cannot preclude their federal complaint because they were required to file suit in state court as a prerequisite to bringing their federal action. See Williamson County Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985).
 
 
 4
 The Full Faith and Credit Act, 28 U.S.C. Sec. 1738, requires that a federal court "give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1983). The Supreme Court has held that section 1983 does not limit the preclusive effect of state judgments under section 1738. Id.
 
 
 5
 This court recently held that a litigant who brings a takings or state inverse condemnation action in state court is not relieved of the preclusive effect of the state court's judgment when he or she moves on to federal court. In Palomar Mobilehome Park v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993), a mobile home park association ("Palomar") brought a section 1983 claim in federal court challenging the City of San Marcos' mobile home rent control ordinance as a regulatory taking. The district court dismissed the complaint as res judicata, finding that Palomar had lost identical section 1983 and state claims in state court. On appeal, Palomar contended that its federal takings claim was not precluded because it was not ripe until the termination of the state proceeding. This court rejected this claim, concluding:
 
 
 6
 Palomar correctly interprets Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), to require that a plaintiff take its takings claim to state court before the case will be ripe for federal adjudication. However, this requirement does not prevent the doctrine of res judicata from barring subsequent federal action.... We are compelled to conclude that res judicata bars Palomar's claims in federal court, despite the requirements of Williamson.
 
 
 7
 Id. at 364-65.
 
 
 8
 Palomar indicates that the Strandruds' federal cause of action is precluded because they litigated it in state court. Their complaint alleged a federal takings claim, and their trial brief and proposed jury instructions continued to seek relief under this federal cause of action as of the time of trial.
 
 
 9
 The Strandruds contend that their federal cause of action was not litigated because the trial court made no mention of it in the jury instructions that it gave to the jury. The trial court's instructions, however, referred to neither the federal nor the state cause of action: they set forth only the elements of both claims, which are identical. The jury instructions thus do not reflect an omission or a failure of the trial judge to submit the federal takings claim to the jury; instead, they reflect a consolidation of both the state and federal claims in one set of instructions. Consistent with this, the trial court's judgment does not refer either to the federal or state cause of action as such but simply refers generally to the complaint.
 
 
 10
 Further, the Strandruds' own appellate pleadings belie their claim that the trial court's judgment was not against their federal takings cause of action. In the petition for review that they filed with the Washington Supreme Court, they identify their federal claim as an issue on appeal, indicating that they considered the jury's verdict and the trial court's judgment to have been entered on the federal cause of action.
 
 II
 
 11
 The Strandruds contend that certain allegedly incorrect evidentiary rulings by the state trial court deprived them of a full and fair opportunity to litigate their federal claim.
 
 
 12
 The state proceeding did not violate the minimum due process guaranteed by the Constitution. Although the trial court excluded the videotape and declined to permit a jury view, it permitted the Strandruds to testify as to the condition of their property during rain storms, thereby providing them an opportunity to present their case to the jury. Further, the Strandruds appealed the exclusion of the videotape and the limitation of the expert's testimony to the state appellate court, which held that the trial court had committed no error. This panel cannot second-guess these decisions of the Washington Court of Appeal. See Palomar, 989 F.2d at 365.
 
 III
 
 13
 The Strandruds assert that claim preclusion cannot apply because a state inverse condemnation action is not identical to a federal takings action. They contend that the actions are different because the federal action is not ripe until the state action is completed.
 
 
 14
 This argument fails for two reasons. First, contrary to the Strandruds' position, the record indicates that the state court did, in fact, consider and enter judgment against their federal cause of action. Second, even if the Strandruds had brought only the state constitutional claim, Palomar has made clear that the requirement of ripeness does not prevent the application of res judicata.
 
 
 15
 The Strandruds also assert that the state trial court lacked subject matter jurisdiction to consider their section 1983 claim because it was not yet ripe. We reject this claim because state courts can consider section 1983 actions that otherwise are not ripe for consideration by federal courts. See Palomar, 989 F.2d at 364.[1]
 
 IV
 
 16
 The Strandruds last complain that the district court should have sanctioned Northshore for a Federal Rule of Civil Procedure 11 motion that it filed against the Strandruds. Northshore's Rule 11 motion asserted that the Strandruds' argument against the applicability of res judicata was frivolous. While incorrect, the Strandruds' claims are not frivolous. It thus was not an abuse of discretion for the district court to deny the Strandruds' Rule 11 motion.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because claim preclusion bars the Strandruds' federal proceeding, we need not address their arguments concerning the inapplicability of issue preclusion