24 F.3d 244
 RICO Bus.Disp.Guide 8567
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert ALLUM, Plaintiff-Appellant,
v.
BANKAMERICA CORPORATION, a bank holding company and a
California corporation; Nevada First Development
Corporation, a bank holding company and a Nevada
corporation; Bank of America Nevada, a banking association
and a Nevada corporation; Valley Mortgage Company, a Nevada
corporation; Perry Di Loreto, et al., Defendants-Appellees.
 No. 93-17273.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Appeal from the United States District Court for the District of Nevada; No. CV-93-00280-HDM, Howard D. McKibben, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Allum appeals pro se the district court's dismissal of his action against Bankamerica Corporation and others on res judicata grounds. The district court found that Allum failed to present his federal RICO[1] claim in a prior state court proceeding involving the same facts and the same parties. We review de novo, Guild Wineries & Distilleries v. Whitehall Co., 853 F.2d 755, 758 (9th Cir.1988), and affirm.
 
 
 3
 "The doctrine of res judicata provides that when there is a final judgment on the merits, further claims by the parties or their privies based upon the same cause of action are barred." Board of Trustees of Carpenters Pension Trust Fund v. Reyes, 688 F.2d 671, 673 (9th Cir.1982), cert. denied, 462 U.S. 1120 (1983). This doctrine applies to state court judgments in federal court. Derish v. San Mateo-Burlingame Bd. of Realtors, 724 F.2d 1347, 1349 (9th Cir.1983). Thus, federal courts must give state court judgments the same full faith and credit as they would receive in the courts of the state." 28 U.S.C. Sec. 1738; Palomar v. Mobilehome Park v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993).
 
 
 4
 Under Nevada law, the doctrine of res judicata bars a claim if (1) the issue was decided in a prior adjudication, (2) there was a final judgment on the merits, and (3) the party against whom the defense is asserted was a party to the prior adjudication. See York v. York, 664 P.2d 967, 967 (1983). Moreover, "a judgment is conclusive not only on the questions actually contested and determined but on all matters which might have been litigated and decided in the suit." Higgins v. Higgins, 744 P.2d 530, 531 (1987). Thus, "[a] litigant cannot avoid the preclusive effect of res judicata by failing explicitly to plead federal constitutional violations in a prior state action." See Palomar, 989 F.2d at 365.
 
 
 5
 Here, the defendants and the factual circumstances in Allum's state and federal court actions are identical, and a final judgment was entered on the merits in Allum's state court proceeding. Because state and federal courts share concurrent jurisdiction over RICO claims brought pursuant to 18 U.S.C. Sec. 1961, Allum could have raised his federal RICO claim in his state court action. See Tafflin v. Levitt, 493 U.S. 455, 467 (1993); Lou v. Belzberg, 834 F.2d 730, 741 (9th Cir.1987), cert. denied, 485 U.S. 993 (1988). Accordingly, res judicata precludes Allum from bringing his federal RICO claim at this time. See Palomar, 989 F.2d at 365.
 
 
 6
 Allum nevertheless contends that he was denied a full and fair opportunity to litigate his federal RICO claim in state court because the state court specifically directed him to file the claim in federal court. This contention is not supported by the record. In its order dismissing Allum's amended complaint with leave to amend, the court advised Allum that he had failed sufficiently to plead a RICO action under the Nevada RICO statute but informed him that he may "have recourse through the federal RICO statutes." Given this statement and the fact that Allum was represented by an attorney in his state court proceeding, Allum's contention that the state court prevented him from fully litigating his federal RICO claim lacks merit.
 
 
 7
 Allum also contends that the state court misapplied Nevada law to the facts of his case, and refused "to accept the allegations of [his] complaint as true."
 
 
 8
 A federal district court "has no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). The proper place to seek such review is the United States Supreme Court. 28 U.S.C. Sec. 1257; McNair, 805 F.2d at 890. "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues." McNair, 805 F.2d at 891. Thus, the state court's determination, even if erroneous, operated to preclude the district court's consideration of Allum's claim. See Palomar, 989 F.2d at 365. Moreover, to the extent that Allum sought review of the adequacy of the state court proceedings, the district court lacked jurisdiction to review the action. See McNair, 805 F.2d at 891.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Secs. 1961-68
 
 
 [2]
 Allum contends for the first time on appeal that the district court erred by considering the appellees' res judicata defense in a motion to dismiss. We generally do not consider issues raised for the first time on appeal. Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992). We decline to do so here