46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie Earl STEPHEN, Plaintiff-Appellant,
v.
K.W. PRUNTY, Chief Deputy Warden, et al., Defendants-Appellees.
 No. 94-56041.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie Stephen, a California state prisoner, appeals pro se the district court's order dismissing on res judicata grounds his 42 U.S.C. Sec. 1983 action alleging medical indifference to serious medical needs. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 In his complaint, Stephen alleged that prison officials and medical staff deprived him of "any and all medical necessities of life by their wrongdoings as to their actions from 3-3-94 and ongoing." The district court dismissed the complaint on res judicata grounds, finding that the complaint raised issues that had been litigated and decided in a prior action.
 
 
 4
 We review de novo the district court's dismissal on res judicata grounds. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993).
 
 
 5
 Under the doctrine of res judicata, a final judgment on the merits prevents a plaintiff from relitigating claims that were or could have been litigated in the prior actions. See Nevada v. United States, 463 U.S. 110, 129-30 (1983); Western Systems Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir.1992), cert. denied, 113 S.Ct. 970 (1993). The plaintiff also is barred from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different claim. See Duncan v. United States (In re Duncan), 713 F.2d 538, 541 (9th Cir.1983).
 
 
 6
 Here, we disagree with the district court that Stephen's complaint raised issues that had been litigated in his previous section 1983 action. Stephen's prior action alleged that prison officials at Calipatria state prison had been deliberately indifferent to his serious medical needs between 1992 and 1993 because they failed to prescribe him specific medications or otherwise failed to properly diagnose and treat his sinus problem. In the present action, Stephen alleges that prison officials at Calipatria state prison have denied him "any and all" medical care since March 1994 in retaliation for Stephen's previous lawsuits against prison officials. Because Stephen's claims in this action involve injuries and wrongs that allegedly occurred subsequent to the injuries involved in his prior action, the district court erred by dismissing Stephen's action on res judicata grounds. See id.[1]
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Stephen's motion to consolidate this case with Appeal Nos. 94-55626 and 94-55655