59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sherry Lynn HILTZ, Plaintiff-Appellant,
v.
Leland E. RUSSELL, In both his individual and official
capacities; Carol Rodriquez, In both her
individual and official capacities;
Miracosta Community College,
Defendants-Appellees.
 No. 93-55795.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1994.
Decided June 22, 1995.
 
 Before: GIBSON,* HUG, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherry Lynn Hiltz appeals the district court's dismissal on res judicata grounds of her gender and physical disability discrimination action against her former employer Mira Costa Community College District and other individuals (collectively "the District"). Hiltz alleged that she was harassed during her employment, denied a promotion, and terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e to 2000e-17 (1988) ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. Secs. 12111 to 12117 (Supp. III 1989-1992) ("ADA"), and the California Fair Employment and Housing Act, Cal. Gov't Code Secs. 12900 to 12996 (West 1992) ("FEHA"). We affirm in part, and reverse and remand in part.
 
 
 3
 We review de novo a district court's dismissal of an action based upon res judicata. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir. 1993).
 
 
 4
 "Under the Federal Full Faith and Credit Statute, 28 U.S.C. Sec. 1738, 'a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."' Takahashi v. Bd. of Trustees of Livingston, 783 F.2d 848, 850 (9th Cir.) (quoting Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 81 (1984)), cert. denied, 476 U.S. 1182 (1986). "To determine the scope of causes of action, California courts employ the 'primary right theory."' Takahashi, 783 F.2d at 851. "Under this theory, 'the violation of one primary right gives rise to a single cause of action."' Id. (quoting Slater v. Blackwood, 543 P.2d 593, 594 (Cal. 1975)). "[R]es judicata applies to judgments in [California] mandamus proceedings." Clark v. Yosemite Community College Dist., 785 F.2d 781, 784 n.1 (9th Cir. 1986).
 
 
 5
 Here, the district court ruled that Hiltz's federal action was precluded by res judicata based upon a prior state mandamus proceeding. Hiltz, however, sought a writ of mandamus in state court for the limited purpose of ordering the District to grant her a grievance hearing regarding her employment termination, rather than pursuing her gender and physical disability discrimination claims relating to conduct which allegedly occurred before her termination. Hiltz's harassment and promotion claims implicate a separate primary right from the termination claim addressed in the writ of mandate. See Clark, 785 F.2d at 785 (stating that college instructor's writ of mandate in a state court proceeding contesting school's administrative procedure for placing derogatory material in his personnel file did not implicate same primary right involving his claim of interference with his teaching career brought in subsequent federal action). Therefore, although res judicata bars Hiltz from relitigating the termination claim in federal court, res judicata does not bar Hiltz from pursuing her harassment and promotion claims in federal court. See id. at 787.
 
 
 6
 We decline to address Hiltz's argument regarding her FEHA claims. Such arguments are more appropriately addressed in the first instance by the district court. Each party shall pay its own costs.
 
 
 7
 AFFIRMED in part, and REVERSED and REMANDED in part.
 
 
 
 *
 The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3