62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen SHILOH, Plaintiff-Appellant,
v.
READER'S DIGEST ASSOCIATION, INC., Defendant-Appellee.
 No. 94-56425.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allen Shiloh appeals pro se the district court's dismissal of his copyright infringement action against the Reader's Digest Association, Inc. ("RDA") on res judicata grounds. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 A district court's dismissal on res judicata grounds is subject to de novo review. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir. 1993). Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating all issues that were raised or could have been raised in that action. Robi v. Five Platters, Inc., 838 F.2d 318, 321-22 (9th Cir. 1988).
 
 
 4
 Shiloh's present action raises the same claim of copyright infringement which he raised in his prior action against the RDA. See Shiloh v. The Reader's Digest Ass'n, Inc., No. CV 93-3619 AWT (April 13, 1994) ("Shiloh I"). In that action, Shiloh asserted that the RDA's book, entitled Strange Stories, Amazing Facts of America's Past, had infringed on his copyright materials entitled The Real First United States President. See id. The district court granted RDA summary judgment in Shiloh I and Shiloh did not appeal from that decision.
 
 
 5
 Because the claims Shiloh asserts in the present action against the RDA were raised or could have been raised in Shiloh's prior action against the RDA, the district court did not err by dismissing the action as barred by res judicata. See Robi, 838 F.2d at 321-22.
 
 
 6
 On appeal, the RDA requests sanctions against Shiloh for filing a frivolous appeal. We have discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed. R. App. P. 38; 28 U.S.C. Sec. 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted). Pursuant to Rule 38, as amended December 1, 1994, a request for sanctions should be contained in "a separately filed motion ... and reasonable opportunity to respond" should be given. See Fed. R. App. P. 38.
 
 
 7
 Here, the RDA's request for sanctions was was not separately filed as a motion. Although Shiloh's appeal is wholly without merit, we decline to impose sanctions. We admonish Shiloh, however, that future frivolous filings will subject him to monetary sanctions.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3