82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald E. GRUNST, Plaintiff-Appellant,
v.
UNITED STATES of America; Douglas Johnson, Director of U.S.
Fish & Wildlife NPWRC, Jamestown, North Dakota; Ray
Stendahl, Director of U.S. Fish & Wildlife NPWRC, Jamestown,
North Dakota; United States Department of the Interior;
Equal Employment Opportunity Commission, Director; Director
of Office of Personnel Management, Defendants-Appellees.
 No. 95-35268.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald E. Grunst appeals pro se the dismissal of his action alleging that he was discriminated against on the basis of age and sex discrimination when he was not hired as librarian of the United States Northern Prairie Wildlife Research Center in Jamestown, North Dakota. Grunst also appeals the district court's denial of his motion for recusal brought pursuant to 28 U.S.C. § 144.
 
 
 3
 We review de novo the district court's dismissal on res judicata grounds. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993). We review for abuse of discretion the denial of Grunst's motion for recusal pursuant to 28 U.S.C. § 144. Molina v. Rison, 886 F.2d 1124, 1131 (9th Cir.1989). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 To the extent Grunst contends the district court erred by dismissing his action on the grounds of res judicata, this contention lacks merit. Grunst filed a prior action in the District Court for the District of North Dakota alleging the same discrimination claims he raises in this action. Grunst's action was dismissed by the district court in North Dakota and the Eighth Circuit affirmed. The Supreme Court subsequently denied Grunst's petition for a writ of certiorari. Accordingly, because Grunst's claims have been previously litigated the district court did not err by dismissing Grunst's action on the grounds of res judicata. Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir.1992).
 
 
 5
 Grunst's contention that the magistrate judge and district judge erred by failing to assign the his motion for recusal to another judge also lacks merit. "[T]he judge against whom an affidavit of bias is filed may pass on its legal sufficiency...." United States v. Azhocar, 581 F.2d 735, 738 (9th Cir.1978), cert. denied, 440 U.S. 907 (1979); see also Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988).
 
 
 6
 Further, Grunst's contention that the magistrate judge and district judge were biased because of their failure to comply with Fed.R.Civ.P. 73(b)'s consent requirement lacks merit. Here, the magistrate judge's role was to decide pretrial matters and issue findings and recommendations that the district judge was to review de novo upon the timely filing of an objection. Consent to proceed before a magistrate judge was not required under these circumstances. Compare Fed.R.Civ.P. 72(b) with Fed.R.Civ.P. 73(b) (requiring that parties consent to trials conducted by magistrate judges). Accordingly, the district court did not err by denying Grunst's motion for recusal based on the district court's failure to obtain Grunst's consent to proceed before the magistrate judge. See Fed.R.Civ.P. 72(b).
 
 
 7
 Grunst's contention that the district court erred by refusing to appoint counsel also lacks merit. Because Grunst failed to demonstrate a likelihood of success on the merits or an inability to articulate his claims in support of his request for appointment of counsel, the district court did not abuse its discretion by failing to appoint counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Grunst's motion to strike appellees' answering brief is denied