**FANENE FATAIAIGA KAVA, Appellant**

**v.**

**FANENE SU'A SCANLAN, Appellee**

High Court of American Samoa
Appellate Division

AP No. 11-94

April 9, 1996

Counsel: For Appellant, Tautai A.F. Faalevao
For Appellee, Arthur Ripley, Jr.

Opinion and Order:

Richmond, J.:

# I. Introduction

Before the court today is another in a long line of cases asking this court to resolve disputes between two people holding the matai title "Fanene" of the Village of Pago Pago. The basis of this case is appellant Fanene Kava's "outstanding ambition to have a say over certain Fanene family lands known as 'Lalopu`a.'" Order Mot. Dismiss, LT No. 06-94 (Land & Titles Div. Apr. 13, 1994).

Appellant filed suit in the Land and Titles Division of the High Court ("trial court") seeking declaratory and injunctive relief concerning the nature of the title Fanene and control over the family land Lalopu`a. Appellee made a T.C.R.C.P. Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The trial court granted this motion on April 13, 1994. On April 25, 1994, Appellant filed a motion for reconsideration or rehearing, which the trial court denied on May 23, 1994. This appeal followed.

## II. DISCUSSION

■ The trial court granted appellee's 12(b)(6) motion to dismiss based upon *res judicata*. Appellant argues that this was improper. Dismissal for failure to state a claim under Rule 12(b)(6) is a question of law which we review *de novo*. *Oscar v. University Students Co-operative Ass'n*. 965 F.2d 783, 785 (9th Cir.) (*en banc*), *cert. denied*, 113 S. Ct. 655 (1992). Dismissal on *res judicata* grounds is also a question of law receiving *de novo* review. *Palomar Mobilehome Park Ass'n v. City of San Mateo*, 989 F.2d 362, 363 (9th Cir. 1993).

■ A 12(b)(6) motion to dismiss is a proper vehicle for the defense of *res judicata*. *See, e.g., United Parcel Serv., Inc. v. California Pub. Utils. Comm'n*, 839 F. Supp. 702 (N.D. Cal. 1993). Where the court is asked to consider matters outside the pleadings, however, the motion must be treated as a motion for summary judgment. T.C.R.C.P. Rule 12(b)(6); *see also United Parcel Serv.*, 839 F.Supp. at 704. Both parties submitted affidavits regarding the 12(b)(6) motion. It is unclear whether the trial court treated the 12(b)(6) motion under the standard for a summary judgment. Regardless, under either standard, the plaintiff's claim in this case is barred by *res judicata*.

■ *Res judicata*, also known as claim preclusion, prevents subsequent litigation by parties or their privies of any issues that were raised or could have been raised in a previous litigation which led to final judgment. *Nevada v. United States*, 463 U.S. 110, 129-30 (1983); *Manufacturers Hanover Trust Co. v. The Tifaimoana*, 7 A.S.R.2d 84 (Trial Div. 1988);

8

*Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir. 1985). A party is also barred from relitigating issues of law or fact which were actually litigated and decided in the previous action, even if based upon a different claim. *Duncan v. United States (In re Duncan)*, 713 F.2d 538, 541 (9th Cir. 1983).

We agree with the trial court that appellant or appellant's predecessor raised or could have raised in previous cases every issue appellant has raised in the present case. Although the trial court's order exhaustively reviews the history of the Fanene cases, there is no need to go this far. In the most recent Fanene decision, *Fanene v. Fanene*, 19 A.S.R.2d 69 (Land & Titles Div. 1991), the court granted summary judgment on *res judicata* grounds on exactly the same issues as appellant raises in this case--i.e., whether there are one or two Fanene families and which Fanene has *pule* over Lalopu`a. *Cf. Taulaga M. v. Patea S.*, 4 A.S.R.2d 186 (Land & Titles Div. 1987) (Land title action was barred by res judicata when ownership of same tract had been resolved between same families over same issues by earlier final judicial resolution).

The fact that appellant raises a new legal argument in this action--that *In re High Chief Title Mauga*, 4 A.S.R. 132 (Land & Titles Div. 1974), determines the outcome in the Fanene cases--gets her nowhere. This issue could have been raised in the 1991 *Fanene* case. Therefore, *res judicata* precludes her from having a second chance to raise it here.

The issues before the trial court have been litigated repeatedly, and need not be litigated again. The biggest mystery to us is why appellee has not attempted to impose attorney's fees or sanctions on appellant under T.C.R.C.P. Rule 11 or for taking a frivolous appeal, *see Tuika v. Ala`ilima*, 8 A.S.R.2d 163 (Land & Titles Div. 1988). Perhaps such an action would finally convince appellant that the continuance of these lawsuits wastes both her and the court's time and resources.

The judgment of the trial court is affirmed.