83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick B. GOODSON, Plaintiff-Appellant,
v.
LOS ANGELES UNIFIED SCHOOL DISTRICT, Defendant-Appellee.
 No. 95-55313.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick B. Goodson appeals pro se the district court's dismissal, as barred by res judicata, of his race discrimination and retaliation claims under 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. §§ 1983 and 1985. Goodson's claims arise out of his termination from a teaching position in the Los Angeles Unified School District ("LAUSD"). We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Goodson contends that the district court erred in dismissing his action as barred by res judicata. This contention lacks merit.
 
 
 4
 We review dismissal of an action on res judicata grounds de novo. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993). We look to California law to determine if a claim is barred under res judicata principles. See id. at 364. "In California, res judicata precludes a plaintiff from litigating a claim if: the claim relates to the same 'primary right' as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party or in privity with a party in the prior action." Trujillo v. County of Santa Clara, 775 F.2d 1359, 1366 (9th Cir.1985) (quoting Slater v. Blackwood, 543 P.2d 593, 594 (Cal.1975)). Furthermore, an administrative proceeding may be given preclusive effect if the plaintiff had an adequate opportunity to litigate the claim, and the administrative agency is acting in a judicial capacity and resolves disputed factual issues. See Miller v. County of Santa Cruz, 39 F.3d 1030, 1032-33 (9th Cir.1994), cert. denied, 115 S.Ct. 2613 (1995). A claim involving federal constitutional rights may be joined to a California mandamus action. See Clark v. Yosemite Community College Dist., 785 F.2d 781, 786 n. 5 (9th Cir.1986).
 
 
 5
 Goodson filed four actions in Los Angeles Superior Court ("Superior Court") alleging race and gender discrimination, racially motivated harassment, racially motivated transfer, breach of contract and violation of constitutional rights. These actions were consolidated, and after a bench trial, the Superior Court entered judgment for the defendants.[1] In addition, Goodson requested and received an administrative hearing before the LAUSD Commission to contest his discharge. The Commission upheld Goodson's termination on the basis of incompetence. Goodson sought review of this decision by filing a writ of mandate in Superior Court, which was denied.
 
 
 6
 Because Goodson's federal claim relates to the same "primary right" as his state court action and there was a final judgment on the merits, the district court properly dismissed Goodson's claim as barred by res judicata. See Trujillo, 775 F.2d at 1366. Moreover, Goodson had a full and fair opportunity to litigate his claims at the administrative hearing, see Miller, 39 F.3d at 1033, and had the opportunity to raise constitutional claims in his writ of mandate, see Clark, 785 F.2d at 786 n. 5.
 
 
 7
 Accordingly, the district court's dismissal is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Goodson later filed a fifth action in Superior Court alleging breach of contract, administrative harassment, and intentional infliction of emotional distress arising from his termination. The Superior Court dismissed this action