87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John L. DEBBS; Patsy R. Debbs, Plaintiffs-Appellants,
v.
CALIFORNIA WORKERS' COMPENSATION APPEALS BOARD; Superior
Court of California, California Appellate Court Justices;
State of California Supreme Court Justices; Pete Wilson;
CA State Assembly; CA State Senate; Workers Compensation
Referees, Defendants-Appellees.
 No. 95-15646.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John L. and Patsy R. Debbs appeal pro se the district court's Fed.R.Civ.P. 12(b)(1) dismissal of their action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. After a de novo review, see Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993), we affirm for the reasons stated in the district court's order filed on March 31, 1995, see Mullins v. Oregon, 57 F.3d 789, 792 (9th Cir.1995).
 
 
 3
 The Debbses contend that the district court erred by denying them leave to amend their complaint. We review a denial of leave to amend after a responsive pleading has been filed for abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). The district court correctly found that it lacked subject matter jurisdiction over the Debbses' action, and, accordingly, the district court did not abuse its discretion by denying the Debbses leave to amend their complaint, because amendment would have been futile. See Nelson v. Pima Community College, No. 94-15187, 1996 WL 227338, at * 7 (9th Cir. May 7, 1996).
 
 
 4
 The Debbses also contend that the district court erred by declaring them to be vexatious litigants. We review for abuse of discretion a district court's vexatious litigant order. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.), cert. denied, 498 U.S. 1001 (1990). Here, the district court warned the Debbses that any further attempts to relitigate their claims would constitute vexatious litigation. The district court created a record for review by listing all of the Debbses' previous cases which involved the same claims. The district court also made substantive findings on the frivolousness of their claims. Finally, the district court's order was narrowly tailored to the Debbses' specific situation. Accordingly, the district court did not abuse its discretion by declaring the Debbses to be vexatious litigants. Cf. id. at 1147-48 (setting forth guidelines regarding pre-filing restrictions).
 
 
 5
 We grant appellee California Workers' Compensation Appeals Board's request for judicial notice of prior state and federal actions brought by the Debbses.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Debbses' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3