110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lars W. EHRLANDER, Plaintiff-Appellant,
v.
STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION; John Athens;
Raymond Funk; John Miller; Donald Baum;
Federal Highway Administration,
Defendants-Appellees.
 No. 96-35915.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lars Ehrlander appeals pro se the district court's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging that the State of Alaska, the Alaska Department of Transportation, two Department of Transportation employees, and two Alaska assistant attorneys general participated in a scheme to take his property without just compensation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Ehrlander contends the district court erred by concluding that his claims were barred by res judicata. We review the district court's application of res judicata de novo. See Hiser v. Franklin, 94 F.3d 1287, 1290 (9th Cir.1996), cert. denied, 65 U.S.L.W. 3596 (U.S. Mar. 3, 1997) (No. 96-895). Federal courts must give a state court judgment the same preclusive effect that the judgment would have in state court. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993); see also Sanchez v. City of Santa Ana, 936 F.2d 1027, 1035 (9th Cir.1990) (federal courts look to law of the state for applicability of res judicata principles).
 
 
 4
 In Alaska, res judicata holds that a final judgment will bar any subsequent suit between the same parties or their privies where the matter raised in the subsequent suit was or could have been decided in the first suit. See Summerville v. Denali Ctr., 811 P.2d 1047, 1050 (Alaska 1991).
 
 
 5
 Here, Ehrlander claims that he has not been fairly compensated for the taking of his property, and that various state employees participated in a conspiracy to deprive him of his property for as little as possible. However, these issues either have been or could have been litigated in prior state court proceedings. See State v. Ehrlander, No. 0825 (Alaska July 31, 1996) (condemnation and inverse condemnation); Ehrlander v. Alaska, 797 P.2d 629 (Alaska 1990) (inverse condemnation); State v. Ehrlander, No. 4FA-86-2287 (Alaska Super.Ct. March 21, 1988) (condemnation); Ehrlander v. State, No. 4FA-86-2287 (Alaska Super.Ct. Feb. 3, 1993) (inverse condemnation); Ehrlander v. State, No. 4FA-95-0807 (Alaska Super.Ct. March 4, 1996) (state tort and civil rights action). Ehrlander is therefore barred by the doctrine of res judicata from relitigating these claims in federal court. See Palomar Mobilehome Park Ass'n, 989 F.2d at 365; see also Sanchez, 936 F.2d at 1035 (stating that where a federal constitutional claim is based on the same asserted wrongs as a state action, res judicata will bar the federal constitutional claim whether or not it was asserted in state court).[1]
 
 
 6
 Ehrlander concedes that "[a]ll issues in this case have been raised in the state courts." However, he argues that none has been "fully litigated." He apparently believes that because he did not receive all of the damages he sought in state court, his issues were not fully litigated. This argument fails. Ehrlander has exhaustively litigated his claim that he did not receive adequate compensation for the taking of his property in state court. While Ehrlander is dissatisfied with the outcome of the prior litigation, and believes that the Alaska superior court and supreme court erred because he did not receive the full measure of damages he sought, we do not have jurisdiction to review state court rulings. See MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987) (per curiam).
 
 
 7
 Ehrlander also contends that the district court erred by applying res judicata because, in the condemnation and inverse condemnation proceedings, he reserved the right to proceed in federal court on his federal claims. See Dodd v. Hood River County, 59 F.3d 852, 861-62 (9th Cir.1995). This argument fails. In his action against the State of Alaska and assistant attorney general John Athens, see Ehrlander v. State, No. 4FA-95-0807 (Alaska Super.Ct. March 4, 1996), Ehrlander expressly raised his federal claims and those claims were decided against him on summary judgment.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although assistant attorney general Raymond Funk and the two Alaska Department of Transportation employees were not parties to the state court proceedings, we conclude that they are privies of the parties to the state court proceedings. See Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir.1992); Tolstrup v. Miller, 726 P.2d 1304, 1307 (Alaska 1986)
 
 
 [2]
 Although Ehrlander also filed a reservation of federal claims in his action against the State of Alaska and assistant attorney general Athens, the reservation was filed after the Alaska superior court granted the defendants' motion for summary judgment