120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emma McELHINNY, by Patricia Hall, her attorney in fact and
Guardian Ad Litem, Plaintiff-Appellant,
v.
COUNTY OF TEHAMA; Tehama County Animal Control Department;
Roy Remington; Loren Kemper; Heidi Hill,
Defendants-Appellees.
 No. 96-16838.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 
 Before HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Emma McElhinny appeals the district court's grant of summary judgment in favor of the County of Tehama, the Tehama County Animal Control Department, Roy Remington, Loren Kemper, and Heidi Hill, barring her 42 U.S.C. § 1983 action based on res judicata. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment on res judicata grounds. See Hiser v. Franklin, 94 F.3d 1287, 1290 (9th Cir.1996), cert. denied, 117 S.Ct. 1106 (1997). Under 28 U.S.C. § 1738, we give a state-court judgment the same preclusive effect it would be given by the courts of the state from which it emerged. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993) (citations omitted). Thus, we apply California law to determine whether the district court properly applied res judicata. See id.
 
 
 4
 McElhinny contends that the judgment from her prior California superior court action did not bar this section 1983 action because the prior action was a mandamus proceeding. This contention lacks merit. See Clark v. Yosemite Community College Dist., 785 F.2d 781, 783 n. 1 (9th Cir.1986) (noting that "[i]t is well established in California that the doctrine of res judicata applies to judgments in mandamus proceedings") (citations omitted).
 
 
 5
 McElhinny also contends that the district court erred in applying res judicata because her federal and state actions asserted distinct causes of action. This contention also lacks merit.
 
 
 6
 A valid final judgment on the merits bars further litigation on the same cause of action. See Agarwal v. Johnson, 603 P.2d 58, 72 (Cal.1979) (In Bank) (citation omitted). To determine the scope of a cause of action, California applies the "primary rights" theory. See id. Under this theory, there is only a single cause of action for the invasion of one primary right. See id. If two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if the plaintiff pleads different theories of recovery in the second suit. See International Evangelical Church v. Church of Soldiers, 54 F.3d 587, 590 (9th Cir.1995).
 
 
 7
 McElhinny's previous petition for writ of mandate sought relief for unreasonable seizure of her cattle and deprivation of property without due process. The state court determined that McElhinny had a fair post-deprivation hearing. The instant section 1983 action sought damages under the First, Fourth, and Fourteenth amendments of the United States Constitution for the same seizure and deprivation of property that the state court addressed in the prior action. Thus, the two suits involved the same "primary right." See id. Moreover, McElhinny could have joined her section 1983 damages claims to her prior mandamus action, and therefore res judicata barred claims that were not actually litigated in the prior action. See Clark, 785 F.2d at 786-87 (noting that a claim involving federal constitutional rights may be joined to a mandamus action and holding that res judicata applies not only to claims actually litigated, but to those which could have been litigated in first action).[1]
 
 
 8
 Accordingly, the district court properly granted summary judgment based on res judicata. See id.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 McElhinny also contends that a Fifth Amendment takings claim was improperly barred because it was not ripe when she brought her state action. Because she raises the ripeness issue for the first time in her reply brief, we do not address it here. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990). Moreover, the district court noted that McElhinny did not assert a Fifth Amendment takings claim in her federal complaint, and did not evaluate whether res judicata barred a takings claim. Because McElhinny did not raise this issue with the district court, we also need not address it here. See United States v. One 1978 Piper Cherokee Aircraft, 91 F.3d 1204, 1209 (9th Cir.1994)