**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANK E. BUSH; et al.,

        Plaintiffs - Appellants,

  v.

JAMES V. ZIRUL; GOVERNMENT
EMPLOYEES INSURANCE COMPANY,
DBA Geico Casualty Company,

        Defendants - Appellees.

No. 13-35950

D.C. No. 3:12-cv-00177-RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

    Frank E. Bush, James F. Bush, and Dixie L. Hagquist ("the Bushes") appeal

pro se from the district court's summary judgment in their action alleging

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument and grants defendants' requests set forth in their answering briefs. *See* Fed. R. App. P. 34(a)(2).

insurance fraud and violations of the Racketeer Influenced and Corrupt

Organizations Act ("RICO") arising out of a car accident. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Chance v. Pac-Tel Teletrac Inc.*,

242 F.3d 1151, 1156 (9th Cir. 2001). We may affirm on any basis supported by

the record, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009), and

we affirm.

Summary judgment of James Bush's claims against GEICO was proper

under Alaska's doctrine of res judicata because the Bushes' prior state court action

against GEICO resulted in a final judgment, and James Bush's claims "*could have

been* decided in the first suit." *Tolstrup v. Miller*, 726 P.2d 1304, 1306 (Alaska

1986) (explaining Alaska's doctrine of res judicata); *see also Palomar Mobilehome

Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993) (federal

courts are required to give state court judgments the same preclusive effect as

would be given by state courts and apply forum state's res judicata law).

Moreover, James Bush's contention that he was entitled to relief as a third-party

beneficiary lacks merit.

The district court did not abuse its discretion by denying Frank Bush and

Dixie Hagquist further discovery on their insurance fraud and RICO claims before

granting summary judgment because they failed to show diligence, given that the

district court previously granted a two-month extension for them to oppose summary judgment, and they failed to demonstrate how further discovery would have precluded summary judgment. *See* Fed. R. Civ. P. 56(d); *Chance*, 242 F.3d at 1161 n.6 (setting forth standard of review and explaining that "the district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." (citation and quotation marks omitted)). We do not consider the merits of summary judgment as to Frank Bush and Dixie Hagquist because the Bushes do not raise this issue on appeal.

The district court did not abuse its discretion by denying the Bushes' motion to amend their complaint to add conspiracy claims against five new defendants because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a "district court acts within its discretion to deny leave to amend when amendment would be futile"); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557-59 (9th Cir. 2010) (explaining how to set forth RICO claims under 18 U.S.C. § 1962(c) and (d)).

The Bushes' consolidated motion seeking leave to proceed in forma pauperis, filed on December 17, 2013, is denied as moot.

**AFFIRMED.**

13-35950