NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAVENSIGHT CAPITAL LLC, A USVI Limited Liability Corporation, Plaintiff-Appellant, v. FACEBOOK, INC., A Delaware Corporation, Defendant-Appellee. | No.   18-56304 D.C. No. 2:17-cv-06727-FMO-MRW MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted August 19, 2019**

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Havensight Capital LLC ("Havensight") appeals from the district court's

judgment dismissing its action alleging federal and state law claims arising from

charges for online advertisements.  We have jurisdiction under 28 U.S.C. § 1291.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo a dismissal on the basis of claim preclusion. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005). We affirm.

The district court properly dismissed Havensight's action as barred by the doctrine of claim preclusion because Havensight raised, or could have raised, its claims in its prior California state court action that involved the same primary rights and parties, and resulted in a final judgment on the merits. *See Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (setting forth elements of claim preclusion under California law and explaining that California's doctrine of claim preclusion is based on a primary rights theory); *Palomar Mobilehome Park Assoc. v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993) ("In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second action on the same facts.").

The district court did not abuse its discretion in denying Havensight's request to recuse Judge Olguin because Havensight failed to establish any ground for recusal. *See United States v. Sibla*, 624 F.2d 864, 868-69 (9th Cir. 1980) (standard of review and circumstances requiring recusal under 28 U.S.C. § 455).

The district court did not abuse its discretion when it denied Havensight's

request for entry of default because Havensight's request was frivolous.  *See Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (standard of review).

Havensight's contentions that the district court erred in admitting into evidence emails between Havensight's counsel and defendant's counsel, that Facebook's counsel has alleged conflicts of interest, and that the district court failed to act properly, are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellee's opposed motion to take judicial notice (Docket Entry No. 16) is denied as unnecessary.

All other pending motions and requests are denied.

**AFFIRMED.**

18-56304