STATE of Alaska, Petitioner,

v.

Robert Wayne SMITH, D.D.S.,
Respondent.

No. S–1115.

Supreme Court of Alaska.

May 30, 1986.

Richard G. Haggart, Birch, Horton, Bittner, Pestinger and Anderson, Anchorage, for petitioner.

R. Stanley Ditus, Marie Sansone, Ditus & Ditus, Anchorage, for respondent.

Before RABINOWITZ, C.J., MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

This petition presents the question whether a prior judgment requiring the Division of Occupational Licensing to issue a registration certificate precludes a subsequent claim for money damages arising from the same conduct. The superior court denied the state's motion for summary judgment, concluding that the doctrine of res judicata does not prevent the second claim. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1968, Robert W. Smith, D.D.S., pleaded nolo contendre to two misdemeanor counts of assault and battery resulting from the deaths of two of his patients. He

was given a sentence of six months (suspended) and five years probation. One condition of probation was that he not practice dentistry for five years.

Upon completing probation, Smith attempted to obtain reinstatement of his dental license, but the State Department of Commerce and Economic Development Division of Occupational Licensing refused to recognize his license or issue the required biennial registration certificate. In 1976, Smith filed a civil action and secured a judgment requiring the Division of Occupational Licensing to issue the necessary registration certificate. The state did not appeal. *See State v. Smith*, 593 P.2d 625, 626–27 (Alaska 1979).[1]

In 1978, Smith sued the state for money damages for lost wages, humiliation, embarrassment and mental anguish resulting from the state's refusal to recognize his license from 1973—1976. The state moved for summary judgment on the ground that the judgment in Smith's 1976 civil action is res judicata to the instant claim of damages. The superior court denied summary judgment, concluding that a prior claim for declaratory and injunctive relief does not preclude a subsequent claim for damages. We granted the state's petition for review.

## II. RES JUDICATA

The state argues that the doctrine of res judicata precludes Smith's claim for money damages because he could have sought monetary relief in the 1976 lawsuit, but did not. Smith contends that res judicata does not apply when the first action is for declaratory relief or mandamus, therefore he may now sue for damages.

Under the doctrine of res judicata (claim preclusion), a judgment on the merits of a controversy bars subsequent suits between the same parties asserting the same claim for relief when the matter raised was or could have been decided in the first suit. *Pankratz v. State, Department of Highways*, 652 P.2d 68, 74 (Alaska 1982); *Calhoun v. Greening*, 636 P.2d 69, 71–72 (Alaska 1981). The Restatement (Second) of Judgments § 24(a) (1982) states that the claim extinguished by the first judgment:

> includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

A mere change in the legal theory asserted will not avoid the preclusive effect of the first judgment. *Pankratz*, 652 P.2d at 74.

Under these general rules, Smith's damages claim is precluded by res judicata. First, both suits involve the same parties, Smith and the state. Second, both suits involve the same "transaction": the state's refusal to recognize Smith's dental license from 1973—1976. A mere change in legal theory does not abrogate the res judicata bar. Third, Smith could have joined the damage claim in the 1976 lawsuit. Therefore, absent an exception to the rule, Smith's claim is precluded by res judicata.

Smith argues that normal rules of claim preclusion do not apply when the prior action involves declaratory relief. We conclude that Smith's 1976 action did not seek declaratory relief, therefore the declaratory judgment limitation does not apply.[2]

---

1. The state later instituted license revocation proceedings which culminated in the permanent revocation of Smith's license to practice dentistry. *See Smith v. State*, MO & J No. 163 (Alaska, May 2, 1984).

2. Smith's 1976 complaint is captioned "COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION." The first paragraph states that it is "an action in the nature of mandamus, to require [the state] to effect his current biennial registration." In his prayer for relief, Smith requested a preliminary injunction requiring the state to issue the biennial registration. Smith nowhere requested declaratory relief. The trial court entered judgment for Smith on the merits and stated that "the State shall be required to accept plaintiff's biennial registration fee upon plaintiff's tender of same, ... and forthwith issue a current registration certificate."

Even if we read Smith's complaint as the functional equivalent of a claim for declaratory relief, *Owsichek v. State (Guide Licensing and Control Board)*, 627 P.2d 616, 619 (Alaska 1981),

Smith also argues that a prior judgment in the nature of mandamus does not carry full claim preclusive effects.

 When state court procedures for writs of mandamus limit the court's jurisdiction to consider other claims for relief, a judgment granting the writ does not preclude subsequent claims asserting different theories and requesting other remedies. However, when modern rules of procedure allow other claims for relief to be joined with a mandamus claim, a judgment granting mandamus should preclude subsequent litigation of other claims which could have been joined. C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 4445, at 393–97 (1981).

We have adopted modern rules of procedure whereby mandamus claims may be joined with other claims for relief.[3] We therefore conclude that actions in the nature of mandamus enjoy full claim preclusive effects.

The order of the superior court is REVERSED and the case REMANDED with instructions to enter summary judgment for the state.

BURKE and MOORE, JJ., not participating.

"[s]o long as the request for declaratory relief is combined ... with coercive relief, the claim preclusion rules that apply to actions for coercive relief apply with full force." 18 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 4446, at 401 (1981) (footnote omitted).

3. Alaska R.Civ.P. 91(b) provides:
   The writ of mandamus is abolished. Relief heretofore available by mandamus as prescribed by statutes may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules.