Timothy William HISER,
Plaintiff–Appellant,

v.

Richard H. FRANKLIN;  Frank Sauser;
Al Terrault, Defendants–Appellees.

No. 94–35749.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1996.

Decided May 2, 1996

Steven L. Pevar, American Civil Liberties Union, Denver, Colorado, for plaintiff-appellant.

Michael J. Stark, Assistant Attorney General, briefed, Juneau, Alaska, John K. Bodick, Assistant Attorney General, argued, Anchorage, Alaska, for defendants-appellees.

Alvin J. Bronstein and Marjorie Rifkin, ACLU Nat. Prison Project, Washington, DC, for amicus Nat. Prison Project.

Before: FLETCHER, NOONAN and RYMER, Circuit Judges.

FLETCHER, Circuit Judge:

Timothy Hiser, an inmate in the Alaska Department of Corrections' Fair-banks Correctional Center ("FCC"), appeals from the district court's grant of summary judgment in favor of defendant prison officials ("the State"). Hiser sought equitable relief and damages contending that defendants refused to photocopy his legal documents, thereby denying him access to the courts in violation of the Constitution. The district court did not reach the merits of the claim, instead granting summary judgment on the grounds of res judicata. The court reasoned that a class of all Alaska inmates, present and future, had entered into a comprehensive consent decree in state court in 1990 dealing with prison conditions, *Cleary v. Smith*, 3AN-1-81-5274 Civ. (3d Jud. Dist.Alaska); the consent decree devoted approximately nine pages to various issues related to inmates' "Access to the Courts" (although it did *not* address photocopying); and therefore Hiser's claim was or could have been litigated in the previous class action and is barred by res judicata.

We disagree. Because the issue of photocopying was never adjudicated in the *Cleary* litigation, Hiser's claims are not barred by issue preclusion. Neither are they barred by claim preclusion. Hiser's damages and individual injunction relief claims could not have been brought in the *Cleary* litigation, as the injury Hiser alleges did not occur until 1992 when his request for photocopying was denied. Although Hiser's class action challenge to the prison's photocopying policy could have been brought in the *Cleary* litigation, it nevertheless is not barred because it is based on a separate set of operative facts and because a change in the law since the *Cleary* settlement makes res judicata inapplicable. We have jurisdiction under 28 U.S.C. § 1291 and reverse and remand.

## I.

On August 3, 1993, after exhausting his administrative remedies, Hiser filed a section 1983 complaint in United States District Court for the District of Alaska contending that, from 1992 to the present, defendants violated his constitutional rights under *Gluth*

*v. Kangas,* 951 F.2d 1504, 1510 (9th Cir.1991) by refusing to photocopy his legal documents. He sought declaratory and injunctive relief and damages. He asserted that defendants refused three requests by him to photocopy legal documents. His complaint alleged that inmates at FCC were "routinely denied photocopies of needed legal materials," that he himself "has on several occasions been denied needed copies of legal materials," and that the failure to provide copies "has caused plaintiff to suffer difficulty and harm in pursuing his legal claims."[1] To his complaint, Hiser attached, among other things, a grievance appeal response stating that "FCC will not make [copies] for you as you have no pending court case involved with this subject," and a response from defendant Franklin stating that "[w]e are under no obligation to photocopy anything, however, we do so if there is a valid reason. The burden is on you to demonstrate this reason."[2]

The State moved for summary judgment on the grounds of res judicata, contending that Hiser's photocopying claim "was or could have been raised" in *Cleary v. Smith,* 3AN–81–5274 Civ. (3d Jud. Dist.Alaska). *Cleary* was a state class action lawsuit brought on behalf of all present and future Alaska inmates. It sought (only) declaratory and injunctive relief against the Alaska Department of Corrections to redress a variety of prison conditions. It was filed in 1981. The final settlement agreement was approved by the court on September 21, 1990. The agreement is 88 pages, with approximately six pages devoted to topics related to access to the courts, such as materials in the law library and legal mail. No mention of photocopying is made. Even though the issue of photocopying was not addressed in the *Cleary* litigation, the magistrate judge rec-

ommended that summary judgment be granted on the grounds of res judicata. He concluded that there is no independent constitutional right to photocopying and that any such right is a component of the right to access to the courts, which was comprehensively litigated. The district judge agreed with the magistrate judge's reasoning and entered summary judgment in favor of the State. Hiser timely appealed.

## II.

The district court's grant of summary judgment on res judicata grounds is reviewed de novo. *International Union of Operating Engineers–Employers Const. Indus. Pension, Welfare & Training Trust Funds v. Karr,* 994 F.2d 1426, 1429 (9th Cir.1993).

## III.

The preclusive effects of former litigation are commonly referred to as "res judicata." *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). "Res judicata is often analyzed further to consist of two preclusion concepts: 'issue preclusion' and 'claim preclusion.'" *Id.*

Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. See Restatement, *supra,* § 27. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar. See *id.,*

---

1. Although Hiser did not use the phrase "as applied," he clearly argued that his personal rights were violated by defendants' refusal of his request for photocopying. Thus, we reject the State's contention that Hiser only facially attacked the prison's photocopying policy.

2. The State submitted an affidavit from FCC compliance officer Judy Coleman declaring that the State's policy provides for "free photocopying for legal materials for indigent inmates when they can demonstrate a need for such materials in connection with pending or proposed litigation, and for five free copies per week when they cannot make such a showing." No written memorialization of the policy was submitted. Hiser contends in his amended complaint that "[n]umerous inmates have been denied copies of legal materials because they have been unable to justify their need for such materials to defendants' satisfaction."

Introductory Note before § 24.[3]

*Id.*

■ To determine the preclusive effect of the *Cleary* litigation on Hiser's photocopying claim, this court applies Alaska's res judicata law. *See id.* at 81, 104 S.Ct. at 896 ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered."). Alaska generally follows the Restatement (Second) of Judgments. *See State v. Smith,* 720 P.2d 40, 41 (Alaska 1986); *Tolstrup v. Miller,* 726 P.2d 1304, 1306 (Alaska 1986).

### A.

■ Hiser's claims are not barred by issue preclusion. The Alaska Supreme Court has expressly said that "[t]he issue of photocopying was not raised in regard to the [final settlement agreement "FSA" in *Cleary* ] and is not properly raised as a challenge to the FSA." *Hertz v. Cleary,* 835 P.2d 438, 440 (Alaska 1992). Issue preclusion only bars the relitigation of issues explicitly litigated and necessary to the judgment. Since the issue of photocopying was not adjudicated in the *Cleary* litigation, issue preclusion does not bar consideration of Hiser's photocopying claim. The State essentially acknowledges this, explaining that it is relying on the "claim preclusion," rather than "issue preclusion," prong of res judicata.

### B.

■ Neither are Hiser's claims barred by claim preclusion. In *Hoffman Const. Co. v. Active Erectors & Installers, Inc.,* 969 F.2d 796 (9th Cir.1992), *cert. denied,* 507 U.S. 911, 113 S.Ct. 1258, 122 L.Ed.2d 656 (1993), this court noted that in Alaska, "res judicata covers 'relevant claims that *could* have been raised in the prior case,' but were not. A mere change in the legal theory asserted cannot revive an already barred action." *Id.* at 799 (quoting *DeNardo v. State,* 740 P.2d 453, 456 (Alaska 1987), *cert. denied,* 484 U.S.

919, 108 S.Ct. 277, 98 L.Ed.2d 239 (1987)). The State asserts that Hiser's photocopying claim is barred because it "could have been raised in *Cleary.*"

### 1.

Hiser's claims for damages and individual injunctive relief are clearly not barred by res judicata because they could *not* have been brought in the *Cleary* litigation. Hiser was not even incarcerated at the time of the *Cleary* settlement agreement. His claims did not accrue until 1992–two years after the settlement agreement-when he requested and was denied photocopying. Therefore, Hiser's individual claims for damages and injunctive relief are not barred. *Accord* 18 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4455 (1995 supp.) ("Another obvious limitation on class action preclusion is that the judgment does not bar an individual claim based on events occurring after the judgment.").

■ Moreover, the general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events. In fact, "every federal court of appeals that has considered the question has held that a class action seeking only declaratory or injunctive relief does not bar subsequent individual suits for damages." *In re Jackson Lockdown/MCO Cases,* 568 F.Supp. 869, 892 (E.D.Mich.1983); *see, e.g., Fortner v. Thomas,* 983 F.2d 1024, 1030–32 (11th Cir.1993) ("It is clear that a prisoner's claim for monetary damages or other particularized relief is not barred if the class representative sought only declaratory and injunctive relief, even if the prisoner is a member of a pending class action."); 18 Wright, Miller, & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4455 (1981 and 1995 supp.) (collecting cases). In *Cooper v. Federal Reserve Bank of Richmond,* 467 U.S. 867, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984), the Supreme Court held that the plaintiffs' Title VII damages suit against their employer was not barred by the

---

**3.** The term "res judicata" is sometimes used to refer specifically to "claim preclusion" and sometimes used to encompass both "claim pre-clusion" and "issue preclusion." *Migra,* 465 U.S. at 77 n. 1, 104 S.Ct. at 894 n. 1.

res judicata effect of a previous Title VII class action-even though the plaintiffs had been class members and witnesses in the previous action and thus could have brought their damages claim in that case. Finally, a leading treatise concludes that a member of a class generally should be free to bring an individual damages claim subsequent to a class action suit for declaratory or injunctive relief:

> The basic effort to limit class adjudication as close as possible to matters common to members of the class frequently requires that nonparticipating members of the class remain free to pursue individual actions that would be merged or barred by claim preclusion had a prior individual action been brought for the relief demanded in the class action. An individual who has suffered particular injury as a result of practices enjoined in a class action, for instance, should remain free to seek a damages remedy even though claim preclusion would defeat a second action had the first action been an individual suit for the same injunctive relief.

18 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4455 (1981).

The district court's dismissal of Hiser's damages claim is contrary to this authority. Although these authorities do not specifically apply Alaska law, there is no Alaska case to the contrary and no reason to believe that Alaska's law would differ. Alaska follows the Restatement; in *Cooper*, the Supreme Court relied on the Restatement for its holding that the class members' subsequent individual damages claims were *not* barred by the previous class action lawsuit. Also, Alaska courts have relied on Wright, Miller and Cooper's treatise for res judicata analysis. *See, e.g., State v. Smith*, 720 P.2d at 42 n. 2. Finally, several of the cases holding that class members' subsequent damages claims are not barred have relied on notions of due process, which are applicable to state res judicata decisions as well. In *Wright v. Collins*, 766 F.2d 841, 847–49 (4th Cir.1985), for instance, the court reasoned that before a member of a class can be barred from an individual claim for damages, the class mem-

bers must be given clear warning that individual claims may be lost. No such warning was given in the instant case. The court observed that a broad-gauged class complaint "should not mean that all future litigation involving harm to individual prisoners will be precluded." *Id.* at 848. If every member of the class were compelled to intervene to protect his individual claims, serious questions would be raised as to the adequacy of the class representatives, and the class action would become unmanageable. *Id.* at 849.

As amicus points out, prison class action litigation typically seeks only declaratory and injunctive relief. The purpose of a class action is to concentrate on an issue or issues all class members have in common. If every prisoner in the state of Alaska needed to join his or her own individual damage claim to the *Cleary* litigation or else lose it, the action would have been unmanageable. As it is, the case took over twelve years to resolve and ended in an 88 page consent decree-without a single individual damage claim being involved. The general rule that a class action for equitable relief does not bar subsequent individual damages suits recognizes and respects this reality.

For these reasons, Hiser's individual damages and injunctive relief claims are not barred by claim preclusion.

2.

a.

■ Even though a broad challenge to the prison's photocopying policy could have been brought in the *Cleary* litigation, Hiser's class action challenge to the prison's photocopying policy is not precluded either. Alaska res judicata law generally bars relevant claims that could have been brought in the earlier litigation. Specifically, Alaska follows the Restatement (Second) of Judgments, which forecloses "litigation of a matter that never has been litigated, because of a determination that it *should* have been advanced in an earlier suit." *Migra*, 465 U.S. at 77, 104 S.Ct. at 894 (citing Restatement (2d) § 24, Introductory Note) (emphasis added). A matter should have been advanced in the earlier litigation if it is part of the same

"transaction, or series of connected transactions, out of which the action arose." *Smith,* 720 P.2d at 41 (quoting Restatement (2d) § 24). "The expression 'transaction, or series of connected transactions,' is not capable of a mathematically precise definition; it invokes a pragmatic standard to be applied with attention to the facts of the cases.... In general, the expression connotes a natural grouping or common nucleus of operative facts." Restatement (2d) § 24 comment b.

The district court reasoned that Hiser's photocopying claim was merely a subset of an "access to the courts" claim, which had previously been brought in the *Cleary* litigation, and was therefore barred. We do not believe that all facts related to court access are part of a "common nucleus of operative facts" and therefore create one transaction and a single claim. The concern behind claim preclusion is that a plaintiff should not be able to relitigate the same facts under a different legal theory. *Id.* § 24. Although Hiser's photocopying challenge implicates the same right of "access to the courts" as was addressed in the *Cleary* litigation, it is based on a different set of operative facts and is not merely an alternative remedy or theory of recovery.[4]

Thus, under the Restatement's transactional approach, Hiser's challenge to the prison's photocopying policy is not barred by claim preclusion. Especially taking into account that the first action was a class action for which Hiser was an unnamed, absent class member, his claim should not be precluded. *Cf. Ferguson v. Department of Corrections,* 816 P.2d 134 (Alaska 1991) ("Out of concern that it is unfair to preclude a non-named class member from subsequent litigation, many courts modify the traditional res judicata tests when the initial litigation is a class action."). Arguably, everything related to prison life could conceivably be deemed part of "a series of transactions" when a broad-based class action is brought, but if this is how claim preclusion is defined in the class action context, it would essentially make class actions obsolete. After one prisoner class action had been filed, no "related" claims could ever be filed. No responsible attorney would file a class action challenging a prison condition, because by doing so, all future claims by prisoners challenging an unconstitutional condition could be barred- even if the specific issue was never raised in the previous litigation.

The Alaska Supreme Court's decision in *Ferguson v. Department of Corrections,* 816 P.2d 134 (Alaska 1991) recognizes that res judicata must be applied carefully in the class action context. In *Ferguson,* the plaintiff wished to challenge the Alaska Department of Corrections' drug testing policies. The plaintiff was, like Hiser, "technically a party in the *Cleary* litigation," since the *Cleary* litigation included all future Alaska inmates. *Id.* The State moved to dismiss, arguing that *Cleary* barred the plaintiff's claim on the grounds of res judicata. The Department of Corrections' drug testing policies had been in fact been evaluated on cross motions for summary judgment in *Cleary.* *Id.* at 138. Accordingly, the superior court dismissed the complaint as barred by res judicata.

The Alaska Supreme Court reversed. The court noted that a person cannot be bound by a judgment unless he has had the opportunity to be heard in opposition to the judgment. The court concluded that Ferguson had not "been fully heard on the issue of the prison's drug testing policies." *Id.* Even though the drug testing had been challenged in *Cleary,* it "constituted a relatively insignificant as-

4. We note that the *Cleary* consent decree requires the State to provide typewriters and carbon paper to inmates. *Allen v. Sakai,* 48 F.3d 1082 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995) holds that there is a constitutional right to photocopying under certain circumstances. Carbon paper would not appear to be an adequate substitute. For example, an inmate might need to copy something he didn't write himself, for which carbon paper would be useless. In any event, the issue at this juncture is only whether res judicata bars consideration of the merits of Hiser's claim. That carbon paper was addressed in the consent decree should not mean that the State's photocopying policy and practices may never be challenged. *Cf. Crowe v. Leeke,* 550 F.2d 184 (4th Cir.1977) (holding that prior class action challenging prison's mail regulations in general did not bar subsequent class action challenge to prison's procedure allowing mail from attorneys to be opened and inspected outside the presence of the inmate-addressee).

pect of the litigation and negotiations." *Id.* The court determined that "the *Cleary* plaintiffs did not adequately represent Ferguson's interests as to the reliability of the EMIT test; consequently, the provisions in *Cleary* related to drug testing cannot be given res judicata effect." *Id.* at 139. "Although concerns as to [the test's] reliability were raised in *Cleary*, they were not given the careful consideration they deserve, and it would be unjust to block future consideration now." *Id.*

Hiser's situation is even more compelling. In *Cleary*, the drug testing policy *was* challenged-albeit in a cursory fashion. Thus, not only was Ferguson's a related claim that *could* have been raised, it actually *was* raised. Even so, the Alaska Supreme Court determined that res judicata did not bar the claim, since "Ferguson was not fully heard on the issue." Hiser was not heard at all on the issue of photocopying, much less "fully heard on the issue." Accordingly, just as Ferguson's interests in challenging the drug testing policy were not "adequately represent[ed]" in the *Cleary* litigation, Hiser's interests in challenging the photocopying policy were not "adequately represent[ed]." [5]

The State suggests that *Ferguson* is distinguishable because the *Cleary* plaintiffs' attorney at the time the drug testing issue was litigated was not very good, whereas the *Cleary* plaintiffs' attorney at the time of the consent decree, Mr. Volland, is excellent. We think the distinction untenable. The Alaska Supreme Court did not allow Ferguson's case to go forward because it concluded that the plaintiffs' attorney was incompetent. Rather, the Court allowed Ferguson's case to go forward because the issue with which he was concerned, drug testing, had "not been given the careful consideration [it] deserve[d]" in the *Cleary* litigation; thus, the *Cleary* plaintiffs had not adequately represented Ferguson's interests in challenging the drug testing. Similarly, Mr. Volland may be an excellent attorney, but because the

State's photocopying policy was given no consideration in the *Cleary* litigation, much less "careful consideration," the *Cleary* plaintiffs did not adequately represent Hiser's interests in challenging the policy. Thus, under *Ferguson*, Hiser's class action challenge to the State's photocopying policy is not barred by res judicata.

### b.

■ Finally, we conclude that res judicata is inapplicable for a separate and independent reason: "[R]es judicata does not apply where supervening decisions of [state or federal courts] so change the legal atmosphere as to render the doctrine inapplicable," *Ferguson*, 816 P.2d at 138 n. 11 (internal quotation omitted), and supervening decisions have changed the legal atmosphere regarding the right of inmates to obtain photocopies of legal documents.

In *Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir.1991), decided after the *Cleary* settlement, this court upheld a district court injunction which, among other things, required the department of corrections to provide inmates with photocopying of legal documents. 951 F.2d at 1510. The court reasoned, "Litigation necessarily requires some means of accurate duplication because the court and the parties need to refer to the same documents. Photocopying is a reasonable means of providing the necessary copies." *Id.* Hiser argues that *Gluth* changed existing law by declaring that inmates have a constitutional right to photocopying legal documents as part of their access to the courts. The State disputes Hiser's reading of *Gluth.* It contends that *Gluth* was fact-specific and merely dealt with nonconstitutional remedies. It asserts that "the law in the Ninth Circuit continues to be consistent with other federal jurisdictions, i.e., there is no constitutional right to photocopying."

---

5. Because Ferguson's concerns were not sufficiently addressed in *Cleary*, Ferguson was entitled to bring an independent action challenging the prison's drug testing policy. He was not relegated to reopening the *Cleary* litigation. So, too, Hiser may bring an independent action challenging the prison's photocopying policy. Although a court may, in appropriate cases, transfer or consolidate a plaintiff's individual claim with an existing class action, the court may not simply dismiss the claim as barred by res judicata. *See, e.g., Fortner*, 983 F.2d at 1030–32.

Regardless of the merits of the State's reading of *Gluth* at the time, it is now clear that there is a constitutional right to photocopying under certain circumstances. In *Allen v. Sakai*, 48 F.3d 1082 (9th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995), we held that an inmate has a clearly established right to reasonable photocopying of legal documents as an essential component of an inmate's right of access to the courts. *Id.* at 1089–91. Thus, subsequent to the final settlement agreement in *Cleary*, the Ninth Circuit has for the first time stated that prisoners have a constitutional right to photocopying. Because this development in the law makes res judicata inapplicable, Hiser's photocopying claims must be evaluated on the merits.[6]

## IV.

Hiser's photocopying claims are not barred by res judicata. We reverse and remand for further proceedings not inconsistent with this opinion.

RYMER, Circuit Judge, concurring in part, dissenting in part:

I agree that Hiser may pursue his claim for damages, as he was not incarcerated in Alaska when *Cleary* was decided and the actions about which he complains did not occur until almost a year later. Under these circumstances, the *Cleary* judgment cannot be dispositive of his individual claim, and I concur in the majority's conclusion in this respect.

However, I do not agree that Hiser's claims for declaratory and injunctive relief survive. Hiser complains about the right to photocopy. While *photocopying* was not an issue in *Cleary*, copying was. Alaska's policy regarding photocopying of legal and other materials for inmates has remained unchanged since at least 1983. It therefore could have been raised as part of the class challenge that inmates were denied access to the courts in part on account of the policy on copying. Particularly in light of the extensive nature of the *Cleary* litigation and the

comprehensive settlement reached so recently in that case (including, as it did, a specific provision on access to copying facilities), it is not inappropriate to expect a claimant seeking systemic relief with respect to copying to return to the *Cleary* court.

I cannot agree with the majority that *Ferguson v. Dep't of Corrections,* 816 P.2d 134 (Alaska 1991), stands for the broad proposition that we must disregard the principles of res judicata whenever a non-named class member wishes to start anew. Rather, *Ferguson* simply tells us that "there must have been a full and fair opportunity to litigate the issue before res judicata can be applied," and that such an opportunity has been provided where, as here, "the class representatives are found to have made a competent attempt to protect the interests of the individual who now seeks to litigate the issue." *Id.* at 138.

Regardless, since the majority's opinion does hold that Hiser's suit is permissible under Alaska law, there is no need for it to reach the question whether the Constitution requires the district court to hear Hiser's photocopying claim. Thus, the discussion of *Gluth* and *Allen* is unnecessary. In any event, I do not believe Hiser is exempt from res judicata on the ground that the law has changed. *Gluth v. Kangas,* 951 F.2d 1504 (9th Cir.1991), holds only that an injunction which required that photocopying be available was within the district court's discretion; it does not say that providing photocopies is constitutionally required, or the only reasonable means of providing necessary copies to assure meaningful access to the courts. *Id.* at 1501. Nor do I read *Allen v. Sakai,* 48 F.3d 1082 (9th Cir.1994), as so holding. It simply acknowledges that "a plaintiff's access to the courts could be hindered seriously by an inability to make multiple, accurate copies of legal documents." *Id.* at 1089. Thus, neither *Gluth* nor *Allen* is a supervening decision that changes the legal landscape upon which *Cleary* wrote. Neither holds that the Constitution requires photocopying. That being the case, Hiser is precluded from relitigation of a request for equitable relief

---

6. By our ruling, we intimate no view of the merits of Hiser's claim. Although res judicata does not bar Hiser's claim, Hiser must still estab-

lish a denial of his right to photocopying and demonstrate an "actual injury" from the denial in order to prevail. *See Allen,* 48 F.3d at 1090.

arising out of an access claim based on copying. I would, therefore, affirm the district court on this issue.