87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marlow Brent SUMMITT, Plaintiff-Appellant,
v.
James McFADDEN, Deputy Warden, Arizona State
Prison-Florence, Eyman Complex-Special Management Unit;
Samuel A. Lewis, Director of the Arizona Department of
Corrections; V. Ruboyianes, Administrative Assistant III,
Defendants-Appellees.
 No. 95-17076.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marlow Brent Summitt, an Arizona state prisoner, appeals pro se the district court's judgment in favor of prison officials in Summitt's 42 U.S.C. § 1983 action. The district court dismissed 19 of Summitt's 22 claims as barred by the doctrine of res judicata and granted defendants' motion for summary judgment on the remaining claims. We have jurisdiction pursuant to 28 U.S.C. 1291. We affirm in part, reverse in part, and remand.
 
 I.
 Dismissal Based On Res Judicata
 
 3
 Summitt argues that the district court erred by dismissing his claims on the basis of res judicata because many of the claims dismissed by the district court were not raised in Casey v. Lewis, 834 F.Supp. 1553 (D.Ariz.1992), aff'd, 43 F.3d 1261 (9th Cir.1994), cert. granted, 115 S.Ct. 1997 (1995). This argument has merit.
 
 
 4
 "Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). "[T]he general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events." Hiser v. Franklin, 82 F.3d 869, 872 (9th Cir.1996).
 
 
 5
 The district court's dismissal of nineteen of Summitt's claims for injunctive and declaratory relief was proper because they involved claims that were, or could have been, raised in Casey. Id. The district court erred, however, by dismissing Summitt's claims for damages because the class in Casey sought only declaratory and injunctive relief. See id.
 
 II.
 Summary Judgment
 
 6
 The district court did not advise Summitt, a pro se prisoner litigant, of the requirements of the summary judgment rule, Fed.R.Civ.P. 56, as required by Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Accordingly, we reverse the district court's order granting summary judgment. Id.
 
 III.
 Recusal
 
 7
 Summitt argues that the district court abused its discretion by denying his motion for recusal. This argument lacks merit.
 
 
 8
 Because Summitt's allegations of bias were based solely on the district court's adverse findings and the court's setting a date for defendants to file their motion for summary judgment, the district court did not abuse its discretion by denying the motion for recusal. See Taylor v. Regents of Univ. of California, 993 F.2d 710, 712-13 (9th Cir.1993) (recusal is warranted only when judicial bias stems from an extrajudicial source), cert. denied, 114 S.Ct. 890 (1994).
 
 
 9
 On remand, the district court should consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this case.
 
 
 10
 REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3