112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenny JACKSON, Plaintiff-Appellant,
v.
A.F. CATON; V. Williamson; S.L. Hubbard; H. Bard; K.A.
Parish-Reese; Gerald Larson; C. Greenfield; P. Lemley;
R.S. Cox; J. Quaries, Jr.; A. Jamison; G.E. Ingle; L.
Dixon; James Gomez, Director of Corrections, Defendants-Appellees.
 No. 95-17006.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1997.*
Decided April 23, 1997.
 
 1
 Before: WIGGINS, TROTT, Circuit Judges, Zapata**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Kenny Jackson, a California state prisoner, appeals pro se the district court's grant of summary judgment for defendants and denial of default judgment for Jackson in his 42 U.S.C. § 1983 action alleging racial and sexual discrimination in violation of the equal protection clause of the Fourteenth Amendment, retaliation in violation of the First Amendment, creation of an unsafe prison environment in violation of the Eighth Amendment, and deprivation of procedural due process guarantees in violation of the Fourteenth Amendment. We have jurisdiction under 28 U.S.C. § 1291.
 
 
 4
 We review de novo the district court's grant of summary judgment on res judicata grounds, Hiser v. Franklin, 94 F.3d 1287, 1290 (9th Cir.1996), cert. denied, 117 S.Ct. 1106 (1997), and for abuse of discretion the district court's denial of a default judgment, Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986). We affirm.
 
 
 5
 First, we find no abuse of discretion in the district court's denial of Jackson's motion for default judgment. Upon our review of the record, we conclude that the defendants were never in default and that any delay in responding to Jackson's amended complaint occurred because the district court had temporarily misplaced it. Default judgments are generally disfavored, id. at 1472, and under these circumstances the district court was well within its discretion.
 
 
 6
 Second, we find no error in the district court granting summary judgment in favor of defendants Williamson, Bard, Hubbard, Caton, Parish-Reese, Dixon, Ingle, and Gomez on res judicata grounds because of his lawsuit in Jackson v. Williamson, EDC No. CIV S-92-1534 EJG GGH P. See Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988). Res judicata bars this suit notwithstanding Jackson's appeal to this court in Jackson v. Williamson, No. 95-15878. See Tripati v. Henman, 857 F.2d 1366, 1367 (9th Cir.1988).
 
 
 7
 Third, we hold that the district court did not err in granting summary judgment in favor of Jamison. Jamison was not a defendant in Jackson's prior case. Defamation is not actionable under 42 U.S.C. § 1983. See Paul v. Davis, 424 U.S. 693, 701 (1976). The district court stated that Jackson did not allege that he was subject to threats of violence as a result of Jamison's alleged statement that Jackson was homosexual, and thus Jackson did not state an actionable wrong under § 1983. In his sworn amended complaint, Jackson stated that he was subject to "sexual disrespecting" and "sex playing." In his opposition to summary judgment, Jackson alleged only that Jamison slandered him, harming his reputation. We agree with the district court that Jackson failed to state an actionable claim. See Paul, 424 U.S. at 701; Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987) (affirming summary judgment against § 1983 claim based on verbal abuse).
 
 
 8
 In his sworn objection to the magistrate's report and recommendation and in his appeal brief, Jackson alleged that he was physically assaulted by an inmate as a result of Jamison's alleged statements that Jackson was homosexual. Jackson also claimed that he was as vulnerable to other inmates as a result of being labelled a homosexual as would be an inmate who was labelled a snitch. Regardless of whether these allegations are sufficient to establish a genuine issue of material fact whether Jamison acted with a deliberate indifference to Jackson's safety in violation of the Eighth Amendment, Jackson waived this claim by failing to present the allegations to the magistrate. The district court, and this court, need not consider issues raised for the first time in an objection to the magistrate's report and recommendation. Greenhow v. Secretary of Health & Human Serv., 863 F.2d 633, 638-39 (9th Cir.1988), overruled on other grounds, United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir.1992). Accordingly, we affirm the district court's grant of summary judgment in favor of Jamison.
 
 
 9
 Fourth, we conclude that Jackson's contention that the district court and magistrate judge were biased is insufficient as a matter of law because it is based solely on adverse rulings. See Liteky v. United States, 510 U.S. 540, 549 (1994). We also conclude that the district court did not abuse its discretion by denying Jackson's motion for appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (finding no exceptional circumstances to warrant appointment of counsel).
 
 
 10
 We conclude that Jackson's remaining contentions lack merit.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3