133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vernon Odell ADAMS, Jr., Plaintiff-Appellant,
v.
Pete WILSON, individually and in his official capacity as
Governor of California; James Gomes, individually and in
his official capacity as Director of Corrections for the
State of California; Nadim Khoury, individually and in his
official capacity as Chief Medical Director for State of
California; George Ingle, individually and in his official
capacity as Warden of CMF; A. Sheff, individually and in
his official capacity as Chief Medical Director of the
California Medical Facility; R. Andreasen, individually and
in his official capacity as Chief Medical Officer; Khalil
Moezi, Dr.; Belen Ezaz, individually and in her official
capacity as M.D. for G-1; T.L. Hartman, individually and in
his official capacity as Lt. for Isu; D. Arcamone,
individually and in his official capacity as Sergeant for
ISU; W. Gavia, individually and his official capacity as
C/O for ISU, Defendants-Appellees.
 No. 96-16864.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vernon Odell Adams, Jr., a paraplegic California state prisoner, appeals pro se the district court's summary judgment for defendants on his claim that placing him in a non-handicapped accessible segregation cell without a wheelchair amounted to health indifference to his health and safety in violation of the Eighth Amendment and violated his rights under the American with Disabilities Act, 42 U.S.C. § 12132.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm in part, vacate in part, and remand.
 
 
 3
 The district court erred by granting summary judgment pursuant to a local rule permitting construal of non-opposition to a summary judgment motion as consent to granting the motion because Adams had filed a response. Although the district court stated that Adams' response was not accompanied by any evidentiary materials, Adams had submitted a verified complaint based on his personal knowledge. See Keenan v. Hall, 83 F.3d 1083, 1090 n. 1 (9th Cir.1996) (stating that a verified complaint may be treated as an affidavit to oppose summary judgment); Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir1995) (same).
 
 
 4
 Adams' verified complaint states that a few days before he was placed into a non-handicapped accessible segregation cell that another paraplegic inmate housed in the same cell had fallen and injured himself. The complaint states further that defendant Ingle was aware that Adams was being placed in administrative segregation without his wheelchair and that defendant Moezi cleared Adams for such placement without examining him. Finally, the complaint states that Adams fell while he was in his segregation cell and that he broke his leg in the fall.
 
 
 5
 We conclude that these averments are sufficient to establish a genuine issue of material fact that defendants Ingle and Moezi were deliberately indifferent to a serious risk to Adams' safety. See Farmer v. Brennan, 511 U.S. 825, 837, 842 (1994).[2]
 
 
 6
 We reject Adams' contention that he was denied procedural due process when the district court granted defendants' motion for an extension of time to file an opposition to Adams' motion for summary judgment without giving Adams an opportunity to respond to the motion.
 
 
 7
 AFFIRMED in part, VACATED in part, and REMANDED.[3]
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because he did not challenge the district court's summary judgment as to his claims of conspiracy, retaliation, and deliberate indifference to serious medical needs in his opening brief, Adams has waived these claims and we decline to consider them or appeal. See Pierce v. Multnomah County, 76 F.3d 1032, 1037 n. 3 (9th Cir.), cert. denied, 117 S.Ct. 506 (1996)
 
 
 [2]
 Contrary to defendants' assertions below, we conclude that Adams' individual claims for damages and injunctive relief may be pursued despite the Gates consent decree. See Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir.1996), cert. denied, 117 S.Ct. 1106 (1997)
 
 
 [3]
 Because we are vacating the district court's grant of summary judgment on Adams' constitutional claim, we decline to address the district court's summary judgment on his statutory claim or Adams' claim that the district court erred by granting summary judgment where he had never received a copy of two exhibits submitted with defendants' motion for summary judgment