Byron D. CRAWFORD, M.D.,
an individual, Plaintiff–
Appellant,

v.

PAUL REVERE LIFE INSURANCE COMPANY, a business entity of un-

known nature, Defendant–Appellee,

and

DOES I—V, Defendants.

No. 99–56918.

D.C. No. CV–99–4049–MLR.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2001.*

Decided Sept. 21, 2001.

Before MCKEOWN and FISHER, Circuit Judges, and HAGEN,** District Judge.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** The Honorable David Warner Hagen, United States District Court Judge for the District of Nevada, sitting by designation.

MEMORANDUM ***

Byron D. Crawford, M.D. appeals the district court's Rule 12(b)(6) dismissal with prejudice of his complaint based on alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Dismissal was based on the district court's determination that Crawford's ERISA lawsuit (*"Crawford II"*) was barred by the doctrine of res judicata. We review de novo both the district court's application of res judicata and the district court's dismissal for failure to state a claim. *See Hiser v. Franklin,* 94 F.3d 1287, 1290 (9th Cir. 1996) (res judicata); *Stone v. Travelers Corp.,* 58 F.3d 434, 436–37 (9th Cir.1995) (dismissal). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In a previous lawsuit (*"Crawford I"*) filed in the United States District Court for Central District of California, Crawford alleged state law causes of action against his insurer, Paul Revere. The district court granted summary judgment in favor of Paul Revere based on its finding that Crawford's state law claims were preempted by ERISA. The court also denied Crawford's motion to amend his complaint to properly state his claims under ERISA and entered judgment in favor of Paul Revere. Crawford initially appealed the district court's order denying his motion to amend. However, he allowed that appeal to lapse, and it was dismissed by this court.

Because Crawford's complaint in *Crawford II* raises claims identical to those he raised against the same defendant in *Crawford I* (albeit properly under ERISA in *Crawford II* ), and because Crawford abandoned his appeal of the district court's decision in *Crawford I,* thereby rendering the district court's grant of summary judgment in favor of Paul Revere a final judgment on the merits,[1] the district court properly found those claims alleged in *Crawford II* precluded and properly dismissed the action with prejudice.

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See Bd. of Trs. of Carpenters Pension Trust Fund v. Reyes,* 688 F.2d 671, 673 (9th Cir. 1982) (concluding that state court's decision on ERISA preemption was a final decision on the merits for the purposes of *res judicata*

---

where no timely review of decision was sought).

