William O. CALVERT, et al., Plaintiffs,

v.

Pete HUCKINS, et al., Defendants.

No. CIV. S–94–0503 WBS JFM.

United States District Court,
E.D. California.

Sept. 12, 1995.

Clifford L. Carter, Pagliero and Carter, Sacramento, CA, Donald M. Wanland, Jr., Law Offices of Donald M. Wanland Jr., Sacramento, CA, for plaintiffs.

Terence J. Keeley, Keeley and Keenan, Yuba City, CA, James E. Donahue, Donahue Wood Loving Myers and Vogel, Sacramento, CA, for Pete Huckins, Timbuctoo Sporting Estate, defendants.

Stanley A. Coolidge, Jr., Law Offices of Stanley A. Coolidge, Yuba City, CA, for Western Aggregates Inc., Silica Resources Inc., defendants.

Steven Paul Saxton, Downey Brand Seymour and Rohwer, Sacramento, CA, Centex Corporation, Centex Cement Enterprises Inc., defendants.

John Michael O'Brien, Diane L. Gibson, Graham and James, San Francisco, CA, for Cal Sierra Development Company Inc., defendant.

Goss Electric, Linda, CA, pro se.

Robert D. Rose, Lorenz Alhadeff Lundin and Oggel, San Diego, CA, for Western Water Company, YG Development Company Inc., defendants.

Tom H. Bailey, Porter Scott Weiberg Delehant, Sacramento, CA, Stanley A. Coolidge, Jr., Law Offices of Stanley A. Coolidge, Yuba City, CA, for Granite Construction, defendant.

Daniel George Montgomery, Yuba County Counsel, Marysville, CA, for County of Yuba, defendant.

James W. Lemmond, California Department of Transportation, Legal Division, Sacramento, CA, for State of California, defendant.

Yoshinori H.T. Himel, United States Attorney, Sacramento, CA, for United States of America, defendant.

*MEMORANDUM AND ORDER*

SHUBB, District Judge.

Plaintiffs seek to quiet title to a roadway which provides access to their property in Yuba County, California. They also seek related damages. The parties are before the court on defendants' several motions for summary judgment, the United States' motion to dismiss for lack of subject matter jurisdiction based on the statute of limitations, and plaintiff's cross-motion for summary adjudication of issues. Because the court finds that all of plaintiffs' federal claims are barred by the doctrine of *res judicata,* defendants' motions for summary judgment on those claims will be granted. The remaining state law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The remaining motions are therefore moot.

## BACKGROUND

Plaintiffs own approximately 80 acres of land in the vicinity of the Yuba Goldfields in Yuba County, California. Plaintiffs' property is a working ranch with a primary residence and two rental dwellings. The only access to plaintiffs' property is a graded road, owned and maintained by some of the defendants. The road begins at the Hammonton–Smartsville Road, passes plaintiffs' property and continues to the Parks Bar Bridge. Portions of this road are sometimes referred to as the "Hammonton Road."

Plaintiffs and several other residential landowners in the area originally brought an action regarding the subject roadway in the Yuba County Superior Court against Yuba Natural Resources, Inc. ("YNR"), the predecessor-in-interest of Cal Sierra Development, Inc., a defendant in this suit, on June 1, 1988. That suit sought decrees quieting title to private and public easements over the subject road. Although plaintiffs dismissed their claim to quiet title to a public easement prior to trial, defendant YNR filed a cross-complaint to quiet title to the road and to its other real property in the area. Fee title to the road was quieted in YNR, and plaintiffs were granted a private easement to use the western portion of the road for ingress and egress to their property. Judgment was rendered on February 16, 1994 by the Yuba County Superior Court in *Henwood, et al. v. Yuba Natural Resources, Inc., et al.,* Case No. 43426. The judgment granted fee title in the road to YNR, the predecessor-in-interest of defendant Cal Sierra. The judgment also granted plaintiffs the right to "substantially continuous and uninterrupted 24–hour unrestricted access," for plaintiffs, their guests, and their invitees, subject only to reasonable security measures by defendants.

The road at issue passes over several parcels of land in various ownership, including that of the United States. Plaintiffs allege that various defendants have been interfering with access to this road, which they aver is actually a public road. They thus seek to quiet title in the public to this roadway. In addition, plaintiffs bring state law claims for personal injuries allegedly suffered in an altercation with a guard hired by various defendants to regulate access to the road.

## DISCUSSION

Because plaintiffs have already had a full and fair opportunity to present their quite title claim before a California state court, their quite title action in this court is barred by the doctrine of *res judicata.*

While plaintiffs were *actually awarded* only a right to a private easement in that action, they initially sought a public easement in the prior state action, but voluntarily abandoned that claim prior to trial. "It is well settled that res judicata bars subsequent actions on all grounds for recovery that could have been asserted, whether they were or not." *Palomar Mobilehome Park Association v. City of San Marcos,* 989 F.2d 362, 365 (9th Cir.1993). The fact that plaintiffs brought a claim for a public easement, and then voluntarily dismissed it, demonstrates that the claim could have been brought to decision in the prior proceeding.

At any rate, regardless of whether plaintiffs frame their claim as one for a private or a public easement, the primary right invoked remains the same. Plaintiffs' underlying injury in the state court action was their inability to freely access their lands. Defendants' alleged wrong in that action was their maintenance of a locked gate across the roadway.

Plaintiffs prevailed to a point. They were granted a private easement for themselves, their guests and invitees subject only to reasonable security measures by defendants. The fact that plaintiffs have now attempted to recast their claim as one for a public rather than a private easement does not change the underlying primary right. And the fact that they did not get everything they sought in the first action does not mean that the primary rights alleged in this action are different from those alleged in the prior action.

*Ball v. Stephens,* 68 Cal.App.2d 843, 158 P.2d 207 (1945) is distinguishable. In *Ball,* plaintiff sought to establish a public highway under R.S. 2477. *Res judicata* was raised as a defense. In a prior action the plaintiff had sought a private easement over the same road; the easement was denied. The *Ball* court found that the cause of action for a public highway "was not the same cause of action as the one in the former action, which alleged [plaintiff's] ownership of a private right of way." Thus, since plaintiff sought only a private easement and no party sought to quite title in the prior action, they did not adjudicate the ownership of the road in that action. Here, however, the *Henwood* court was required to determine all parties' rights to the disputed roadway, including those of the defendants.

Principles of *res judicata* prevent this court from determining the rights of the public in the subject roadway, because an adjudication that the subject roadway is a public highway would necessarily conflict with the prior state court judgment inasmuch as it would nullify the property right awarded to defendants to maintain reasonable security measures on the road. *See generally* 7 Witkin, California Procedure, *Judgments* § 261 at 702 (3rd ed. 1985) ("If a title or interest in property was in issue in a former action, the judgment is conclusive in later proceedings involving the same title or interest.").

Because all of plaintiffs' federal claims are barred by *res judicata,* the court will decline to exercise its supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3) without prejudice to re-file them in state court. *See generally Imagineering, Inc. v. Kiewit Pacific Co.,* 976 F.2d 1303, 1309 (9th Cir.1992); *Schneider v. TRW, Inc.,* 938 F.2d 986, 995–98 (9th Cir. 1991) (O'Scannlain, J., dissenting).