**William O. CALVERT; Elfreida Calvert, Plaintiffs–Appellants,**

v.

**Pete HUCKINS; Western Aggregates Inc.; Centex Corporation; Centex Cement Enterprises Inc.; Silica Resources, Inc.; Cal Sierra Development Company Inc.; Kratzer Pre–Cast; Electric Goss; Western Water Company; Yg Development Company Inc.; Yuba Westgold Inc.; Timbuctoo Sporting Estate; Mallard Huntley; Granite Construction; Yuba County; State of California; United States of America, Defendants–Appellees.**

**Pipe Trades Association; John Coots, Applicants in intervention-Appellants.**

No. 96–15301.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 1997.

Decided March 26, 1997.

David A. Rosenfeld, Van Bourg, Weinberg, Roger & Rosenfeld, Oakland, California, for plaintiffs-appellants.

Diane L. Gibson, Graham & James, LLP, San Francisco, California, for Cal Sierra Development, Inc.

Stephen L. Mackey, Donahue, Wood, Loving, Myers & Vogel, Sacramento, CA, for Timbuctoo Sporting Estate and Pete Huckins.

Stanley A. Coolidge, Law Offices of Stanley A. Coolidge, Yuba City, CA, for Western Aggregates, Inc., Silica Resources, Inc., and Granite Construction Co.

Robert J. Parks, Marjeta D. Six, Lorenz Alhadeff Cannon & Rose, LLP, San Diego, CA, for Western Water Co.

Sharon A. Stone, County of Yuba, Marysville, CA, for County of Yuba.

Charles J. Stevens, U.S. Atty., Yoshinori H.T. Himel, Asst. U.S. Atty., Sacramento, CA, for U.S.

William M. McMillan, Chief Counsel, James W. Lemmond, California Department of Transportation, Sacramento, California, for the State of California.

Before: REINHARDT, HALL and THOMPSON, Circuit Judges.

PER CURIAM.

William and Elfreida Calvert own a ranch in Yuba County, California. The only access to the Calverts' ranch is provided by a private road owned by Western Aggregates, Inc. (Western), and maintained by the other defendants. In an earlier state court action in California, the state court quieted title to the road in Yuba Natural Resources (Western's predecessor-in-interest), and granted the Calverts a private easement to use the western portion of the road. In 1994, the Calverts sued Western in federal district court in the present lawsuit seeking a public easement over the same road. The district court granted summary judgment in favor of Western on the ground that *res judicata* barred the Calverts' present suit. *Calvert v. Huckins*, 897 F.Supp. 445 (E.D.Cal.1995). The Calverts appeal. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Although the district court decided the case on the ground of claim preclusion, the case is more appropriately analyzed and resolved within the framework of issue preclusion. *See Robi v. Five Platters, Inc.,* 838 F.2d 318, 321–22 & n. 2 (9th Cir.1988) (discussing the difference between claim preclusion and issue preclusion and noting the preference for the use of those terms as opposed to *"res judicata"* and "collateral estoppel").

■ Under California law, issue preclusion applies to bar a party from relitigating an issue already decided if the following requirements are met: (1) "the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding"; (2) "this issue must have been actually litigated in the former proceeding"; (3) "it must have been necessarily decided in the former proceeding"; (4) "the decision in the former proceeding must be final and on the merits"; and (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *Branson v. Sun–Diamond Growers of California,* 24 Cal.App.4th 327, 346, 29 Cal. Rptr.2d 314 (1994) (quoting *Lucido v. Superior Court,* 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2021, 114 L.Ed.2d 107 (1991)).

■ The issue in the Calverts' present federal lawsuit is whether they have the right to a public easement in the road. That issue was actually litigated and necessarily decided in the earlier state court action. In that action, before quieting title to the road in Western's predecessor, the state court necessarily decided that the Calverts, who were parties to the action, had no rights in the road except for their private easement. The state court judgment was both final and on the merits. All factors for issue preclusion are present, and issue preclusion bars the Calverts' present law suit.

The Calverts' reliance on *Ball v. Stephens,* 68 Cal.App.2d 843, 850–52, 158 P.2d 207 (1945) is misplaced. In *Ball,* the plaintiff first sued to establish a private easement in a road and then brought a subsequent lawsuit to establish a public easement in the same road. The *Ball* court held that the first,

private easement suit did not preclude the plaintiff from litigating the second, public easement claim. *Id.* at 851, 158 P.2d 207. In *Ball,* the plaintiff's claim to a public easement was not litigated in the first action. Here, it was. Although the Calverts dismissed their claim for a public easement from their state court complaint, the issue of whether they had a right to a public easement in the road was necessarily resolved against them when the state court quieted title in favor of Western's predecessor against all claims by the Calverts except for their private easement over the road.

■ We also hold that the district court did not abuse its discretion in denying the Pipe Trades Association's (PTA) and Coots's joint motion to intervene. PTA and Coots wanted to intervene on the side of the Calverts. Their motion to intervene, however, was not timely filed.

■ Three factors are weighed in determining timeliness: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *County of Orange v. Air California,* 799 F.2d 535, 537 (9th Cir.1986), *cert. denied,* 480 U.S. 946, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987) (internal citation and quotation omitted).

■ PTA and Coots sought to intervene after the district court had granted summary judgment to Western and had dismissed the remainder of the Calverts' claims. As the district court observed, such postjudgment intervention is generally disfavored because it creates "delay and prejudice to existing parties." *United States v. Yonkers Board of Education,* 801 F.2d 593, 596 (2d Cir.1986). If PTA and Coots had been allowed to intervene, Western and the other defendants would have been prejudiced by having to defend the merits of PTA's and Coots's claims. The Calverts' lawsuit was disposed of on the ground of *res judicata,* not the merits.

AFFIRMED.