NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

v.

APEX CAPITAL GROUP, LLC, a
Wyoming limited liability company; et al.,

Defendants-Appellees,

v.

WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A., Proposed Intervenors,

Movants-Appellants,

_____

THOMAS W. MCNAMARA,

Receiver-Appellee.

No.    22-55342

D.C. No.
2:18-cv-09573-JFW-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted October 19, 2023
San Francisco, California

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Appellants Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") appeal from the district court's order denying Wells Fargo's motion to intervene.  Because the parties are familiar with the facts, we do not recount them here.  We have jurisdiction to review the district court's order pursuant to 28 U.S.C. § 1291, *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998), and we affirm in part and dismiss in part.

1.  We first conclude that Wells Fargo has standing.  Where, as here, a proposed intervenor seeks relief "that is broader than or different from the relief sought by existing parties," it must establish constitutional standing.  *Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1085 (9th Cir. 2022) (citing *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439-40 (2017)).  A party establishes Article III standing by showing: "(i) that [it] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  Appellees argue Wells Fargo has failed to establish injury in fact and redressability.  We disagree.

Wells Fargo asserts that its injury is the Receiver's unlawful pursuit of litigation against it, which was authorized by the district court.  In Wells Fargo's

view, the Receiver's litigation is unlawful because one of the statutory bases for the district court's appointment of the Receiver, section 13(b) of the Federal Trade Commission ("FTC") Act, no longer authorizes the pursuit of monetary relief. *See AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341, 1346-47 (2021). The cost of defending against a purportedly unlawful suit suffices to show injury in fact. *See Cal. Dep't of Toxic Substances Control*, 54 F.4th at 1085-86 (noting that "contingent liability and its attendant costs (defending against the threatened direct action suit) creates injury in fact").

Wells Fargo has also shown that a favorable decision limiting the scope of the Receiver's authority—*i.e.*, by disclaiming any authority rooted in section 13(b)—would likely redress its injury. Wells Fargo contends that the monetary remedies permitted by the other statutory basis underlying the Receiver's authority, section 19 of the FTC Act, are far more limited in scope, such that its requested relief would limit or reduce the costs of defending against the Receiver's litigation. This is sufficient. *See Idaho Conservation League v. Bonneville Power Admin.*, 83 F.4th 1182, 1191 (9th Cir. 2023) (recognizing that "the ability 'to effectuate a partial remedy' satisfies the redressability requirement" (quoting *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021))).[1]

---

[1] We express no opinion on whether, or to what extent, Wells Fargo may be held liable for the stipulated judgments. We expect the parties to litigate all issues regarding damages in the active litigation between Wells Fargo and the Receiver in

2. We next address whether Wells Fargo was entitled to intervene as of right. A nonparty is entitled to intervene as of right under Federal Rule of Civil Procedure ("Rule") 24(a)(2) where it: "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022) (quoting *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020)). We conclude the district court did not abuse its discretion by finding Wells Fargo's motion untimely. *See Kalbers v. U.S. Dep't of Justice*, 22 F.4th 816, 822 (9th Cir. 2021) (noting that a district court's timeliness determination is reviewed for abuse of discretion).

The district court properly considered the relevant timeliness factors: (i) the "stage of the proceeding[s]," (ii) "prejudice to other parties," and (iii) "the reason for and length of the delay." *Id.* In particular, the district court recognized the fact that the proceedings had reached the post-judgment stage weighed heavily against Wells Fargo, and that Wells Fargo offered no persuasive reason for its multi-month delay in bringing its motion. *See, e.g.*, *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997) (per curiam) (noting that post-judgment motions to intervene are

---

the Southern District of California. We likewise express no opinion on Wells Fargo's arguments regarding the collateral order doctrine.

4

"generally disfavored"). We conclude that the district court's timeliness determination applied the correct legal standard and was not illogical, implausible, or without support in the record. *Kalbers*, 22 F.4th at 822. Because Wells Fargo failed to show timeliness, we need not reach the remaining elements. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). We affirm the district court's denial of Wells Fargo's request to intervene as of right.

3. We next address permissive intervention under Rule 24(b)(1)(B). Courts "allow appeal of a denial of permissive intervention only if the trial court has abused its discretion." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997) (alterations accepted) (quoting *In re Benny*, 791 F.2d 712, 720 (9th Cir. 1986)). If we conclude "the district court did not abuse its discretion, we must dismiss the appeal for lack of jurisdiction." *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021). A request for permissive intervention may be granted where a movant "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Perry*, 587 F.3d at 955 (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). As with intervention as of right, and for the same reasons, we conclude the district court did not abuse its discretion by finding Wells Fargo's motion untimely. *League*, 131 F.3d at 1308 (considering the same three timeliness factors

5

but analyzing them "more strictly").  We therefore dismiss this portion of the appeal for lack of jurisdiction.  *See Cooper*, 13 F.4th at 868.

**AFFIRMED in part and DISMISSED in part.**