NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELLEN C. GRIFFIN,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>THE BOEING COMPANY, an Illinois corporation,<br><br>Defendant-Appellee. | Nos. 15-35588<br> 15-35909<br><br>D.C. No. 2:13-cv-00038-RAJ;<br>D.C. No. 2:15-cv-00910-RAJ<br><br>MEMORANDUM[*] |

Appeals from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted February 14, 2017[**]

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

In these consolidated appeals, Ellen C. Griffin appeals pro se from the

district court's judgments in her employment actions alleging federal and state law

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment);

*Palomar v. Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 363 (9th

Cir. 1993) (dismissal on the basis of res judicata).  We may affirm on any basis

supported by the record.  *Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d

930, 933 (9th Cir. 2004).  We affirm.

## I.    <u>Case No. 15-35588 ("*Griffin I*")</u>

The district court properly granted summary judgment on Griffin's Title VII

discrimination claims based on Griffin's pay, work assignments, and termination

because Griffin failed to raise a genuine dispute of material fact as to whether

similarly situated male employees were treated more favorably, or whether

Boeing's legitimate, non-discriminatory reasons for its actions were pretextual.

*See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002)

(elements of prima facie case of discrimination under Title VII); *Bradley v.

Harcourt, Brace and Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (explaining that to

avoid summary judgment, a plaintiff must "produce 'specific, substantial evidence

of pretext'") (citing *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994)).

The district court properly granted summary judgment on Griffin's federal

and state law Equal Pay Act claims because Griffin failed to raise a genuine

dispute of material fact as to whether she was paid less than male employees performing equal or substantially equal work. *See E.E.O.C. v. Maricopa Cty. Cmty. Coll. Dist.*, 736 F.2d 510, 513 (9th Cir. 1984) (elements of prima facie case of wage discrimination under federal Equal Pay Act); *Hudson v. W. Valley Sch. Dist. No. 208*, 97 P.3d 39, 43 (Wash. Ct. App. 2004) (elements of prima facie case of wage discrimination under Washington Equal Pay Act).

Summary judgment on Griffin's Title VII retaliatory discharge claim was proper because Griffin failed to raise a genuine dispute of material fact as to whether Boeing's legitimate, non-discriminatory reason for her termination was pretextual. *See Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001) ("Circumstantial evidence of pretext must be specific and substantial in order to survive summary judgment."); *see also Villiarimo*, 281 F.3d at 1064 (elements of prima facie case of retaliation under Title VII).

The district court did not abuse its discretion in denying Griffin's motion to compel discovery because Griffin failed to comply with the local rules, despite being specifically instructed to do so. *See* W.D. Wash. R. 37(a)(1) (movant must certify that he or she has attempted to meet and confer prior to filing a discovery

motion; "[i]f the movant fails to include such a certification, the [district] court may deny the motion without addressing the merits of the dispute"); *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (standard of review).

Griffin's opposed motion to supplement the record on appeal, filed on March 24, 2016, is denied.

We reject as unsupported by the record Griffin's contentions that: (1) Judge Jones was partial to Boeing; (2) Judge Jones concluded the evidence Griffin submitted in opposition to Boeing's motion for summary judgment was inadmissible; (3) the district court ignored Griffin's evidence; and (4) Griffin was denied her right to a fair trial.

We do not consider arguments and evidence raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

## II.     15-35909 ("*Griffin II*")

The district court properly dismissed *Griffin II* as barred by the doctrine of res judicata because Griffin's claims were raised, or could have been raised, in *Griffin I*, which involved the same parties and resulted in a final judgment on the

4                                                                15-35588, 15-35909

merits.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713-14 (9th Cir. 2001) (stating elements of the doctrine of res judicata and noting that it bars subsequent litigation of both claims that were raised and claims that could have been raised in the prior action).

**AFFIRMED.**